[Civ. No. 1688.   Second Appellate District.—January 29, 1915.]

## FRANCENA E. HENDERSON, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

PLEADING—PARTIES—DESIGNATION OF PLAINTIFF BY FICTITIOUS NAME—DISCLOSURE OF INDIVIDUAL CHARACTER IN COMPLAINT—AMENDMENT OF TITLE—JURISDICTION OF SUPERIOR COURT.—The superior court upon the trial of a justice's court appeal has power to allow the plaintiff to amend the title of his action by changing the same from "United Mercantile Association" to "I. R. Rubin suing herein as United Mercantile Association," where the complaint alleges that the plaintiff is an individual doing business under the fictitious name and style of the United Mercantile Association and that it has complied with section 2466 of the Civil Code of the state of California.

APPLICATION for a Writ of Review originally made in the District Court of Appeal for the Second Appellate District of the State of California to review an order of the Superior Court permitting an amendment to be made to a complaint upon the trial of a Justice's Court appeal.

The facts are stated in the opinion of the court.

Carroll Allen, Bertin A. Weyl, and Rupert B. Turnbull, for Petitioner.

I. R. Rubin, for Respondent.

JAMES, J.—By writ of review petitioner seeks to have an order made by the superior court annulled. The action of the court which it is claimed was in excess of jurisdiction consisted in the making of an order permitting an amendment to be made in a complaint as to the name of the party plaintiff. An action was brought in a justice's court, the plaintiff there being designated as "United Mercantile Association." Plaintiff alleged in the first paragraph of its complaint: "That it is an individual doing business under the fictitious name and style of the United Mercantile Association, and that it has complied with section 2466 of the Civil Code of the state of California." The section referred to, which was amended in 1911 (Stats. 1911, p. 440), requires that where a person is doing business under a fictitious name he must file with the clerk of the county a certificate showing his name in full and place of residence, and also publish the same for a specified period of time in a newspaper in the county. The section following provides that no such person shall maintain an action upon any account or contract made until the certificate has been filed and published. The action went to trial in the justice's court and judgment was there rendered in favor of the plaintiff. An appeal was then taken to the superior court. At the time set for trial in the latter court, petitioner as a defendant in said action objected to the introduction of any evidence on the ground, among others, that the plaintiff did not have the legal capacity to sue. The objection was sustained and the court thereupon made an order allowing an amended complaint to be filed which changed the title of the suit to read as follows: "I. R. Rubin suing herein as United

Mercantile Association." The complaint was also made to contain the averment that the plaintiff "is an individual, to wit, I. R. Rubin, doing business under the fictitious name and style of United Mercantile Association, and that he has complied with section 2466 of the Civil Code of the state of California." It is insisted that the decision in the case of *Miller* v. *Superior Court*, 26 Cal. App. 41, [146 Pac. 72], is authority for the position taken by petitioner in her claim that the superior court acted in excess of its jurisdiction in allowing the amendment to be made. The decision in the case cited declared that where a fictitious name stands alone in its designation of a party to an action and in the title thereof, and which name imports no legal entity and where the complaint itself is silent as to the character of the party so designated by a fictitious name, an amendment cannot properly be allowed which will add to the fictitious designation the name of the individual party as being the person in whose favor the action is prosecuted. In the Miller case, while the caption of the complaint designated the plaintiff as "San Jacinto Packing House," the complaint disclosed that the individual named in the body thereof was the owner of the business which he was conducting in the name and style designated. We think that the complaint here contained a sufficient allegation as to the fact that the plaintiff, while designated by a fictitious name in the title, really ,was an individual and that under such allegation the complaint was properly allowed to be amended to show who the individual was. Under this view it follows that the prayer of the petition should be denied, and it is so ordered.

Conrey, P. J., and Shaw, J., concurred.