[Civ. No. 11877. Second Appellate District, Division Two.—November 21, 1938.]

H. A. KLINE, Appellant, v. Dr. C. BEAUCHAMP et al., Respondents.

Charles A. Thomasset for Appellant.

Chase, Barnes & Chase, Daniel P. Bryant and Thomas R. Suttner for Respondents.

McCOMB, J.—These appeals are from orders (1) granting Dr. Vernon T. Kelley's motion to quash service of summons upon him in the above-entitled action, and (2) denying plaintiff's motion for permission to amend his complaint.

Viewing the evidence set forth in the conflicting affidavits filed by the parties in the aspect most favorable to the rulings of the trial court, as we must on appeals of this nature (*Dickinson* v. *Zubiate Min. Co.*, 11 Cal. App. 656, 662 [106 Pac. 123]; *Smith* v. *Pickwick Stages System*, 113 Cal. App. 118, 122 [297 Pac. 940]), the essential facts are:

April 9, 1937, plaintiff filed a complaint seeking damages for alleged malpractice. Dr. C. Beauchamp and Dr. George Simms were the only defendants named, and the complaint was devoid of reference to either fictitious defendants or defendants whose names were unknown. January 4, 1938, Dr. Vernon T. Kelley, who never used or was known by any other name, was served with a summons and copy of the com-

plaint in the above-entitled action. He thereafter gave notice of special appearance and moved to quash the purported service of summons, which motion was granted. At the same time plaintiff's motion for leave to amend his complaint by alleging that the true name of Dr. George Simms was Vernon T. Kelley and that Vernon T. Kelley was sometimes known as Dr. George Simms was denied.

These are the questions presented for determination:

*First: Is a motion to quash the proper procedure whereby to test the validity of service of summons and complaint upon a person who is not either by his true name or a fictitious name made a party to an action?*

*Second: Is service of summons upon a person who is not named as a party to an action valid?*

*Third: Is an order denying leave to amend a complaint appealable?*

The first question must be answered in the affirmative. The proper procedure for attacking the validity of a summons which has been served upon a person who is not a party to an action is by a motion to quash the service thereof. (*McGinn* v. *Rees*, 33 Cal. App. 291, 294 [165 Pac. 52]; *Fanning* v. *Foley*, 99 Cal. 336, 338 [33 Pac. 1098].)

The second question must be answered in the negative. The law is settled that a person who is not named either by his true or a fictitious name or as an unknown defendant is not a proper party to an action, and service of summons upon such person upon proper motion should be quashed. (*Roth* v. *Scruggs*, 214 Ala. 32 [106 So. 182, 184]; *Baker* v. *Tormey*, 209 Wis. 627 [245 N. W. 652, 654].) Likewise, section 473 of the Code of Civil Procedure, which permits the court in certain cases to correct a mistake in the name of a party to an action, is inapplicable where the plaintiff has sued the wrong party and later seeks to substitute another and different party, there being no allegation in the complaint relative to fictitious or unknown defendants. (22 Cal. Law Review, 685; *Baker* v. *Tormey, supra; Roth* v. *Scruggs, supra.*)

The final question must also be answered in the negative. An appeal does not lie from an order of the trial court denying permission to amend a complaint. (*Cornic* v. *Stewart*, 179 Cal. 242 [176 Pac. 164]; *Overton* v. *White*, 18 Cal. App. (2d) 567, 568 [64 Pac. (2d) 758, 65 Pac. (2d) 99].)

For the foregoing reasons the order granting the motion to quash service of summons is affirmed and the purported appeal from the order denying permission to amend the complaint is dismissed.

Crail, P. J., and Wood, J., concurred.