[Civ. No. 21920. Second Dist., Div. One. Sept. 13, 1956.]

ERVIN SCOTT ARMSTRONG, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JOHN DOLGINER, Real Party in Interest.

*Assigned by Chairman of Judicial Council.

H. T. Ellerby for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

Parker, Stanbury, Reese & McGee and Irving E. Tarson for Real Party in Interest.

NOURSE (Paul), J. pro tem.*—Petitioner seeks a writ of mandate pursuant to section 416.3, Code of Civil Procedure, requiring respondent court to issue an order quashing the service of summons on petitioner in an action brought by one Dolginer to recover damages for personal injury.

Dolginer's action was commenced on December 8, 1954. The complaint named as defendants one Stover and Doe One and Doe Two. By paragraph I of the complaint it is alleged "That the defendants Doe One and Doe Two are fictitious, their true names being unknown to plaintiff and when the same are ascertained, leave of court will be asked to amend this complaint accordingly."

In the charging paragraphs of the complaint it is alleged that the defendants operated a certain automobile in a careless and negligent manner so as to cause the same to collide with plaintiff's automobile, and "That by reason of

*Assigned by Chairman of Judicial Council.

the aforesaid carelessness, recklessness and negligence of the defendants, and each of them'' plaintiff's automobile was damaged, the plaintiff sustaining injuries to his person.

The petition here alleges, and its allegations are admitted by the demurrers of respondent and real party in interest, that on April 8, 1956, a copy of the summons and complaint was served upon petitioner and that the summons so served did not bear the endorsement required by section 474, Code of Civil Procedure. On April 17, 1956, petitioner filed in the respondent court a notice of special appearance and motion to quash service of summons upon the ground that he was not named as a defendant in the action and on the further ground that the summons did not bear the endorsement required by section 474 of the Code of Civil Procedure. Petitioner asked no relief from the court other than that the service of summons be quashed.

By his notice of motion to quash the service of summons, petitioner only designated, as the matters upon which his motion would be based, ''all papers on file in this case and the attached Memorandum of Points and Authorities.'' In the exhibits to supplemental points and authorities filed with respondent court, petitioner filed with the court his affidavit, the facts stated in which establish the failure of the summons served upon him to be endorsed in accordance with section 474, Code of Civil Procedure. Thereafter the court denied his motion.

It is the contention of respondent and real party in interest that petitioner made a general rather than a special appearance, and that therefore, irrespective of the merits of the points he raises here, the trial court acted properly in denying the motion. They base this contention upon the fact that the first ground stated by petitioner in his motion to quash constituted in effect a general demurrer to the complaint and therefore a request for relief from the court and a general appearance; and upon the fact that in the points and authorities filed by petitioner with the respondent court, defendants cited authorities to the effect that where a person is sued under a fictitious name and no attempt is made in the original complaint to state a cause of action against him, and later an attempt is made to amend the complaint as against him, the statute of limitations ''is computed from the date of the alleged acts to the date of the filing of the amended complaint and not to the date of the filing of the original complaint.''

This contention of respondent cannot be sustained.

A reading of the notice of motion to quash makes it apparent that the only relief sought by petitioner was to quash service of summons upon him upon the grounds that the court had not thereby acquired jurisdiction of his person. The fact that he attempted to demonstrate that the court did not have jurisdiction of his person because he was not a party to the action by citing authorities which he mistakenly believed supported his contention did not change his appearance from a special one to a general one.

The test as to whether an appearance is general or special is, "Did the party appear and object only to consideration of the case or any procedure in it because the court had not acquired jurisdiction over the person of the defendant or party? If so, then the appearance is special. If, however, he appears and asks for any relief which could be given only to a party in the pending case, or which itself would be a regular proceeding in the case, it is a general appearance regardless of how adroitly, carefully or directly the appearance may be denominated or characterized as special. The rule in this regard may be epitomized by saying that if a defendant by his appearance insists only upon the objection that he is not in court for want of jurisdiction over his person and confines his appearance for that purpose only, then he has made a special appearance, but if he raises any other question, or asks any relief which can only be granted upon the hypothesis that the court has jurisdiction of his person, then he had made a general appearance." (*Judson* v. *Superior Court*, 21 Cal.2d 11, 13 [129 P.2d 361] ; see also *Hernandez* v. *National Dairy Products*, 126 Cal.App.2d 490 [272 P.2d 799].)

Petitioner contends that the complaint here was insufficient to make him a party to the action and that therefore the service of summons upon him did not subject his person to the jurisdiction of the court. This contention cannot be sustained. The plaintiff, under provisions of section 474, Code of Civil Procedure, had a right in good faith to allege that there were other tort feasors than the named defendant,[1]

---

[1]We do not pass upon the question as to whether or not the allegations of paragraph 1 of the complaint are sufficient to authorize an amendment to the complaint naming petitioner as a party to the action, though we note that the paragraph does not allege that John Doe One and John Doe Two are persons whose names are unknown to the plaintiffs and who are therefore sued under said fictitious names, but that on the contrary the allegation is that they are *fictitious* persons; and the word *fictitious* means that which is not real but imaginary.

whose true names were unknown to him, and to thereafter amend the complaint so as to name those tort feasors and serve summons upon them. If it be a fact that the complaint here does not state a cause of action against the fictitiously named defendants, and that therefore an amended complaint naming them might be barred by the statute of limitations, this did not prevent them from being parties to the action.

In support of his contention, petitioner cites *Gates* v. *Wendling Nathan Co.*, 27 Cal.App.2d 307 [81 P.2d 173] and *Stanley* v. *Kawakami*, 127 Cal.App.2d 277 [273 P.2d 709]. Petitioner misconceives the rule laid down by these cases. In neither of them was it held that a fictitious defendant, against whom a cause of action was not stated, could not be served with process and jurisdiction thus obtained of his person. All that the court held in each case was that if the original complaint did not purport to state a cause of action against the defendants sued under fictitious names, and the statute of limitations had run before they were served with process, then the action was barred by the statute.

We believe, however, that the respondent court was in error in denying plaintiff's motion to quash the service upon the grounds that the summons served upon petitioner was fatally defective in not being endorsed so as to show that the petitioner was served as one of the persons sued under a fictitious name as required by section 474, Code of Civil Procedure (as amended in 1953). The provisions which were added to the section by the 1953 amendment provide in part as follows: "no default or default judgment *shall* be entered against a defendant" sued under a fictitious name "unless it appears that the copy of the summons or other process . . . served upon" the defendant bears upon its face the notice we have heretofore mentioned as lacking in the summons in question. [Emphasis added.] This statute is not directory but mandatory, and its effect is to deprive the court of the right to proceed against a defendant served with such a defective summons; that is to say, its effect is to make the service of such a defective summons insufficient to give the court jurisdiction over the person of the defendant.

Respondent has cited us to a number of cases arising under section 474, Code of Civil Procedure, before the addition to that section in 1953 of the provisions we have heretofore quoted, and in which it is held that the provision of the statute that after the discovery of the true name of a person sued under a fictitious name the complaint might be amended

to state the true name, was only directory, and that omission to amend the complaint before the entry of a default judgment against such a defendant constituted error only and did not affect the jurisdiction of the court to enter a default judgment.

These cases are clearly not in point, for there the statute did not, by its terms, in anywise take away from the court the power to proceed, as does the matter added to the section by the amendment of 1953.

Counsel for the real party in interest assert that the question of the defect in the summons served upon the petitioner is not properly before us. This is so, they assert, because the affidavit of petitioner which established the defect in the summons served upon him was not part of the record upon which the notice of motion stated the motion would be based.

This contention cannot be sustained. The notice of motion clearly advised respondent court and the real party in interest that the defect in the summons was one of the grounds upon which the motion would be made. The fact of the defect was a matter within the knowledge of the defendant, and he could not be taken by surprise by the proof of that fact by petitioner's affidavit. It was within the discretion of the trial court to, and it apparently did, receive this affidavit, and the real party in interest made no motion in that court to strike it from the files or to controvert it. He thus waived the defect in the notice.

 Real party in interest also asserts that petitioner has a speedy and adequate remedy at law in the lower court, and that he is not injured by the denial of his motion to quash the summons. He says that this is so because the section precludes the clerk from entering a default, and the lower court from entering a judgment by default upon the service here made upon the petitioner, and that it is to be presumed that the clerk will not enter the default or the court enter a judgment, even should the clerk inadvertently enter a default.

There is no substance in this contention. We do not think that it could be held that one who is served with a defective summons is required to take his chance that neither the clerk nor the court will, inadvertently, act contrary to the terms of the statute, and that he may not have notice of the entry of a judgment inadvertently entered against him until after his time to move to set aside that judgment has expired. To so hold would be to penalize the party for diligence in protecting his own rights.

Let a peremptory writ of mandate issue requiring the re-

spondent court to enter its order quashing service of summons and complaint upon the petitioner in the action bearing Number 637257 in that court.

White, P. J., and Fourt, J., concurred.