[Civ. No. 21580.    First Dist., Div. Two.    Aug. 17, 1964.]

RUTH MILAM, Plaintiff and Appellant, v. DICKMAN CONSTRUCTION COMPANY et al., Defendants and Respondents.

Rea, Frasse, Anastasi, Clark & Lewis and H. L. Isola for Plaintiff and Appellant.

John R. Lamoreaux for Defendants and Respondents.

AGEE, J.—Plaintiff's complaint alleges that she was a tenant of "Blossom Valley Shopping Center" and that on August 6, 1961, she sustained personal injuries resulting from the use of a garbage container on said premises; that defendant Dickman Construction Company, a corporation, is the owner, lessor and manager of said premises; that defendant Mountain View Garbage Company services the premises and provided said garbage container; that defendant Dickman Construction Company negligently controlled and maintained said premises and that it and defendant Mountain View Garbage Company negligently "caused an unsafe and unfit garbage container to be provided and maintained for the use of the plaintiff in that said container required the user to balance herself on a small ledge protruding from the side of said container and was without benefit of any guard or safety device."

Summons and complaint were served on Joe Bold as vice-president of Dickman Construction Company. It filed an unverified answer, generally denying the allegations of the complaint and adding the defenses of contributory negligence and assumption of risk.*

On December 14, 1962, after the one-year statute of limitations had run, plaintiff filed a motion to amend her complaint to substitute the names of W. B. Dickman and Edith Dickman for that of defendant Dickman Construction Company. The motion was made under section 473 of the Code of Civil Procedure, which provides that "The court may, in furtherance of justice, . . . allow a party to amend any pleading or proceeding . . . by correcting a mistake in the name of a party . . . ."

Plaintiff's affidavit in support of this motion alleges that she believed and so informed her attorneys that the owner

*The answer indicates that the correct name of the corporation is "Dickman Construction Inc." However, this is of no relevancy herein.

and lessor of the shopping center was the Dickman Construction Company; that she based this belief upon the fact that the office occupied by the manager of the center and by W. B. Dickman and his associates displayed a sign with the name of "Dickman Construction Company" on it; that while her lease as a tenant of said shopping center was executed by W. B. Dickman and Edith Dickman, as owners and lessors, she believed that they were only acting on behalf of Dickman Construction Company; that she did not show her lease to her attorneys until after October 11, 1962.

The owner and lessor of the property is stated on the face of the lease to be "W. B. DICKMAN and EDITH DICKMAN, husband and wife." It is dated March 2, 1956, and is for a term of ten years.

The affidavit of plaintiff's attorney alleges that on October 11, 1962, he took the deposition of Edward M. McGlade, the manager of said shopping center, and from the information thereby obtained he learned for the first time that the Dickmans were the owners and lessors of the shopping center.

██ The lower court followed the general rule and denied plaintiff's motion to amend. It expressly based its ruling upon *Thompson* v. *Palmer Corp.*, 138 Cal.App.2d 387 [291 P.2d 995], wherein it is stated: "Whether an amendment of a pleading will be allowed to change the description or characterization from an individual, a partnership or other association, after the statute of limitations has run depends on whether the misdescription or mischaracterization is merely a misnomer or defect in the description or characterization, or whether it is a substitution or entire change of parties. In the former case an amendment will be allowed; in the latter, it will not be allowed." (P. 390.) At pages 395-396, the court quotes with approval from 8 American Law Reports 2d 166, section 81, as follows: " '[W]here an action is brought against a corporation whereas it should have been brought against a partnership, or vice versa, an amendment substituting the proper party defendant after the statute of limitations has run is generally held to be vulnerable to a plea of the statute. And the same rule applies in the case of the substitution of individuals as defendants for the partnership or corporation, or vice versa.' Citing numerous decisions including *Craig* v. *San Fernando Furniture Co.*, supra, 89 Cal.App. 167 [264 P. 784]."

*Thompson* v. *Palmer Corp.*, supra, was an action for damages for personal injuries, in which the original complaint named as defendants five individuals " 'doing business as

Bob 'N Del,' " the Palmer Corporation, and some Does. After the statute of limitations had run, plaintiff amended the complaint to allege the corporate capacity of Bob 'N Del. A judgment of dismissal as to the latter corporation was affirmed on appeal, the court pointing out that if Bob 'N Del had been originally designated as a party defendant and incorrectly described as a partnership, a different question would have been presented. (Cf. *Craig* v. *San Fernando Furniture Co.*, discussed below.) However, the statement that the five individual defendants were doing business under the name of Bob 'N Del was held to be merely descriptive of these individuals and that Bob 'N Del was never a defendant in any capacity prior to the amendment.

Plaintiff cites and relies upon four cases in which an exception to the general rule was allowed. (*Thompson* v. *Southern Pac. Co.*, 180 Cal. 730 [183 P. 153]; *Walsh* v. *Decoto*, 49 Cal. App. 737 [194 P. 298]; *Craig* v. *San Fernando Furniture Co.*, 89 Cal.App. 167 [264 P. 784]; *Smith* v. *Pickwick Stages System*, 113 Cal.App. 118 [297 P. 940].)

In each of these cases the plaintiff's mistake as to the name or capacity of a defendant was held to be reasonably excusable under the particular circumstances involved therein. In each the mistake was occasioned by reason of dual entities with strikingly similar business names or by reason of a fictitious name under which a defendant was doing business. No such circumstances are present in the instant action.

In *Thompson* v. *Southern Pac. Co.*, *supra*, plaintiff was allowed to change his pleadings from Southern Pacific Railroad Company, a California corporation, to Southern Pacific Company, which was a Kentucky corporation and the operating company involved in the accident. The court stressed the fact that the authorized agent in California of the Kentucky corporation had been served with process and that the court had jurisdiction of the person of said defendant as well as of the subject matter of the action. The court expressly distinguished *Altpeter* v. *Postal Telegraph-Cable Co.*, 26 Cal. App. 705 [148 P. 241], on this ground. (In the instant case, neither of the Dickmans had been served with process nor had the court acquired jurisdiction of their persons at the time of the ruling on plaintiff's motion to amend.)

In *Walsh* v. *Decoto*, *supra*, plaintiff named "Blue Taxicab Corporation" as defendant. Process was served on one Decoto, who told the process server to make a return showing service upon him as president of the Blue Taxicab Corpora-

tion. Plaintiff was thereafter allowed to amend her complaint to substitute Decoto, "doing business under the name and style of Blue Taxicab Company," in place of the original named defendant. The court emphasized that the mistake had been caused by defendant's use of a fictitious corporate name and that he should not "be heard to say after service upon him personally and with full notice of the situation, that the action had been begun in the wrong name and should therefore be abated." (P. 742.)

In *Craig* v. *San Fernando Furniture Co., supra,* plaintiff was allowed to change his allegation as to the capacity of San Fernando Furniture Company from that of a corporation to that of a co-partnership of the same name. The court held that this was an instance of misnomer rather than pursuit of the wrong defendant, saying: "Where a group of people are conducting a business under a common name, the law recognizes that group in its entity as a legal entity, and whether the group of persons see fit to avail themselves of the provisions of the law and form a corporation, or whether they see fit to conduct that business under a common name without incorporating, the legal entity still exists and is designated by the common name adopted or used." (P. **171.**)

It is significant that in *Craig* the partners themselves, as individuals, were held to be entitled to the defense of the statute of limitations and the plaintiff was not allowed to name them as defendants. Thus the holding in *Craig* directly supports the ruling of the lower court in the instant action.

In *Smith* v. *Pickwick Stages System, supra,* plaintiff was allowed to change the name of "Pickwick Corporation" to that of "Pickwick Stages System." The opinion places weight upon the fact that Pickwick Corporation was the holding company for Pickwick Stages System, the operating carrier, and that the person served with process was the president of both companies; also, that the two corporate names had been used interchangeably in advertising the business of the operating company.

We do not think that the factual situation in the instant action required the lower court to apply an exception to the general rule. The only excuse offered by plaintiff for the mistake in question is that a sign entitled "Dickman Construction Company" was displayed in "the office occupied by W. B. Dickman and his associates and the manager of the Blossom Valley Shopping Center." While plaintiff's affidavit

very adroitly states that "the basis for her belief *included* the [above] fact," she offers no other facts in support of her belief. (Italics ours.)

On the other hand, as noted above, plaintiff's lease states on the first page thereof that "W. B. DICKMAN and EDITH DICKMAN, husband and wife," are the owners and lessors of the shopping center. Plaintiff does not claim that she ever had any dealings with Dickman Construction Company. When asked in her deposition who she leased the store from, she answered, "Mr. Dickman and his wife." Plaintiff has offered no explanation as to why she believed that the Dickmans "were only acting on behalf of DICKMAN CONSTRUCTION COMPANY."

There is nothing in the manner in which this company conducted itself, or in which the Dickmans conducted themselves, or in which the operation or management of the shopping center was conducted which would justify a reasonable belief upon the part of the plaintiff that Dickman Construction Company was the owner, lessor or manager thereof. The record shows without dispute that this company was in the general construction business and merely rented office space in the shopping center as a tenant of the Dickmans.

After plaintiff's motion to amend her complaint by naming W. B. Dickman and his wife as defendants in place of the construction company was denied, plaintiff caused the Dickmans to be served with summons and complaint as Does I and II. The Dickmans thereupon moved under section 435 of the Code of Civil Procedure to strike the complaint as to them on the ground that the statute of limitations had run.

Paragraph III of the complaint alleges that the defendants sued under the fictitious names of Does I, II, III, IV, V and VI were "the agents, servants and employees of the Defendant, MOUNTAIN VIEW GARBAGE COMPANY, acting within the scope of their agency and employment."

However, *all* of the charging allegations are contained in paragraph VII of the complaint and refer *only* to the construction company and the garbage company. These allegations are as follows: "That on or about the 6th day of August, 1961, at said premises, Defendant DICKMAN CONSTRUCTION COMPANY negligently and carelessly controlled and maintained said premises, and Defendant DICKMAN CONSTRUCTION COMPANY and Defendant MOUNTAIN VIEW GARBAGE COMPANY further negligently and carelessly caused an unsafe and unfit garbage container to be provided and maintained for the use of

the plaintiff in that said container required the user to balance herself on a small ledge protruding from the side of said container and was without benefit of any guard or safety device. As a proximate result of said negligence of Defendants and each of them, Plaintiff was caused to fall as she was in the process of dumping garbage into said container; and, thereby, Plaintiff hit and struck the pavement; and, thereby, proximately sustained the injuries and damages herein set forth.''

Immediately thereafter is the further allegation ''That as a direct and proximate result of the carelessness and negligence of Defendants and each of them as aforesaid'' plaintiff sustained injuries. It is apparent that the ''Defendants'' referred to are the two named defendants against whom the acts of negligence are specifically directed.

The complaint having failed to state a cause of action against the fictitious defendants, the statute of limitations is not tolled as to them by the filing of the complaint. The statute commences to run as to them from the date of the accident. (*Lipman* v. *Rice*, 213 Cal.App.2d 474, 480 [28 Cal. Rptr. 800] ; see Witkin, Cal. Procedure, [1963 Supp. p. 463].)

In *Stanley* v. *Kawakami*, 127 Cal.App.2d 277 [273 P.2d 709], the plaintiff sued Kawakami, Falks and several Does. One Paschote was served as Doe One. At the outset of the trial he moved for judgment on the pleadings on the ground that the complaint did not state a cause of action against him. The motion was granted. The ruling was affirmed on appeal, Justice Dooling stating as follows: ''There were adequate allegations in the complaint charging negligent conduct of the named defendants Kawakami and Falks, but no further allegation as to the fictitious defendants. . . . Appellant argues that the following allegation, several times repeated as to various items of alleged damage, charged Doe One with negligence: 'As a direct and proximate result of defendants' negligence, carelessness and unlawful conduct, *as aforesaid* and by reason of the collision *so* negligently caused by defendants . . .' The emphasized words make it too clear for dispute that the pleader by this, and similar allegations, was referring to the specific allegations of negligence of the properly named defendants and was not thereby charging or attempting to charge any negligent conduct of Doe One.''

The order denying plaintiff's motion to substitute the Dickmans in place of the construction company and the order granting the Dickmans' motion to strike the complaint as to them are affirmed.

The summary judgment in favor of defendant Dickman

Construction Company is affirmed. Its uncontroverted affidavits show that it was not the owner, lessor or otherwise connected with or liable for the operation or management of the shopping center or the garbage container involved herein.

Shoemaker, P. J., and Taylor, J., concurred.