[Civ. No. 11696. Third Dist. Feb. 3, 1970.]

MARY J. NISSAN, Plaintiff and Appellant, v.
WILLIAM BARTON, Defendant and Appellant.

## COUNSEL

Mary J. Nissan, in pro. per., for Plaintiff and Appellant.

DeCristoforo & DeCristoforo, Kroloff, Belcher, Smart & Ford and William B. Boone for Defendant and Appellant.

## OPINION

JANES, J.—Plaintiff Mary J. Nissan appeals from an order setting aside a default and default judgment which had been entered in her behalf against respondent William Barton. The default and default judgment were vacated upon the ground that both were void. Barton cross-appeals from the judgment. We will refer to plaintiff-appellant, who is also respondent on the cross-appeal, as "appellant" and to Barton as "respondent."

### Chronology of Proceedings

Appellant's original complaint and each of three succeeding amended complaints designated two named individuals and 20 Does as defendants. Respondent was not mentioned in either the original or the first amended complaint, and neither was served on him. Demurrers by the named defendants were sustained to both the original and the first amended complaint.

Appellant filed a second amended complaint on April 6, 1966. This complaint set out several causes of action, most concerning one of the named defendants, but some charging Doe defendants with invasion of privacy, slander, and conspiracy with defendant Casey to deprive appellant of employment opportunities. Respondent was mentioned by name in the second cause of action of this complaint, and there were references to his contacts with the named defendants and other persons in connection with a separate lawsuit.

On April 26, 1966, appellant filed a third amended complaint which nowhere mentioned respondent's name. This complaint set out five causes of action against the individually named and Doe defendants for slander, invasion of privacy, and conspiracy. The next day—April 27—respondent was served as John Doe I, with an alias summons and a copy of a complaint. Neither the summons nor the return of service indicates which complaint was served on respondent. Respondent states, however, and appellant concedes, that it was a copy of the second amended complaint.

Respondent made no appearance, and on August 17, 1966, his default was entered on the second amended complaint. On September 12, 1966—without a substituting amendment naming him a party defendant—a default judgment was entered against him in the amount of $35,000.

On September 29, 1966, respondent noticed a motion to vacate the default and default judgment on the ground that they were void and on the further ground that respondent's failure to appear was due to mistake, inadvertence, surprise, or excusable neglect. (Code Civ. Proc., § 473.)[1] On October 19, 1966, the court granted respondent's motion on the ground that the judgment was void. The court did not consider the other ground of respondent's motion.

### Issues on Appeal

Appellant attacks the order vacating the default and default judgment, charging abuse of discretion by the trial court. Respondent seeks to support the action of the trial court on the ground that the default order and the judgment are void, as the lower court found, and urges us to uphold the order vacating both on that basis. Alternatively, respondent argues that if the order and judgment are not void they are at least erroneous, and therefore that they should be set aside on the cross-appeal.

### Respondent Was Not a Party to the Action

A person may become a party to an action only in one of the ways

---

[1]All references to code sections are to the Code of Civil Procedure unless otherwise noted.

provided by law. If not named as a party in the original complaint (§ 426, subd. 1) any proper person may be brought in by amendment of the complaint (§ 473) or may be designated by a fictitious name upon proper allegation in the complaint to that effect. (§ 474.)

The present controversy received its impetus from a combination of omissions on the part of appellant: None of the complaints to which we have referred names respondent as a defendant in the action, although as we have seen—and will emphasize at a later point—the complaint served on him mentions him by name in one of its purported causes of action. Although the caption of the complaint designates numerous Doe defendants, nowhere in the complaint did appellant state her ignorance of the true names of any of the Doe defendants or her intent to proceed against persons unknown to her by such fictitious names. Further, neither before nor after taking judgment against respondent did appellant request amendment of her complaint to state respondent's true name.

Section 474 provides in pertinent part as follows: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. . . ."

In *Stephens* v. *Berry* (1967) 249 Cal.App.2d 474 [57 Cal.Rptr. 505], a case in which the appellate court affirmed an order of the trial court striking plaintiff's complaint as to defendant Berry, the court aptly discussed the requirements of section 474 under circumstances markedly similar to those at bench: "Section 474 contains two mandatory requirements, each of which must be met before the benefits of the statute may be claimed by a plaintiff. The first requirement is that of ignorance of the true name of the defendant. . . . The decided cases have made it clear that a plaintiff's ignorance, to satisfy the statute, must be genuine, that is, real and not feigned. [Citations.] Here the affidavits, declarations and exhibits before the superior court make it perfectly plain that, almost from the very moment of the accident, appellants were aware of the identity of [defendant] Berry. . . . Thus appellants could not sue Berry by a fictitious name because they knew his real name.

"The second requirement of section 474 is that a plaintiff make a clear statement in his pleading that he is ignorant of the true name of the defendant sued by a fictitious name. [Citation.] Appellants do not meet this latter requirement. . . . The allegation contains no statement that appellants are ignorant of the true names of the defendants sued as First Doe through Fourth Doe and hence the pleading does not meet the demands of the statute." (P. 477.)

Section 474 was similarly applied in *Lipman* v. *Rice* (1963) 213 Cal. App.2d 474 [28 Cal.Rptr. 800]. There, although plaintiff Lipman's original complaint for invasion of privacy failed to name Rice as a defendant, it referred to Rice by name, alleging that he committed the same acts charged against the named defendants. A cause of action was also alleged against "John Doe One to John Doe Twenty," but there was no allegation that their true names were unknown to plaintiff. Some years later plaintiff filed an amended complaint against Rice and others, stating that Rice was designated in the original complaint as John Doe One. Rice's demurrer, based on the statute of limitations, was sustained and he obtained judgment of dismissal. The appellate court affirmed the judgment, upholding the limitations defense on alternative grounds: (1) that the original complaint failed to comply with section 474 because of plaintiff's failure to allege ignorance of the true name of Rice;[2] and (2) that the original complaint showed on its face that Rice's name and alleged conduct were known to plaintiff at the time the original complaint was filed.

Neither *Lipman* nor *Stephens, supra,* considered the question whether a judgment entered against one not a named party and as to whom there has been lack of compliance with section 474 is void or merely erroneous. ■ Here, in view of the lower court's action in vacating the judgment on the ground that it was void, and because of the cross-appeal, we are faced with that question and have concluded that in the circumstances shown by the record the default judgment is void.

Failure to comply with the requirements of section 474 was total in the present case, whereas in each of the cited cases plaintiff properly alleged that the Does were fictitiously named defendants sued under section 474, and neglected only to allege that plaintiff was ignorant of their true names. Nor is the present case one involving a mere failure of indorsement on the summons, omitting notice to a person that he is being sued and served under a fictitious name (*Armstrong* v. *Superior Court* (1956) 144 Cal.App.2d 420 [301 P.2d 51]—summons quashed), or one in which plaintiff has merely failed to request a substituting amendment naming a previous unknown as a party defendant. (*Fried* v. *Municipal Court* (1949) 94 Cal.App.2d 376 [210 P.2d 883]—alternative holding; see also, *Flores* v. *Smith* (1941) 47 Cal.App.2d 253 [117 P.2d 712].) Although his true name and identity were known to appellant—according to the complaint served on him—appellant in the case at bench did not name respondent as a party defendant; neither

---

[2]"It is true that there is an allegation that defendants are fictitiously designated, but this, in the absence of allegation that the true names are unknown, is the very vice which the first part of section 474 is intended to prevent. Parties are not to be designated as fictitious unless the plaintiff's ignorance of the true names of such defendants is real and not feigned." (*Lipman* v. *Rice, supra,* 213 Cal.App.2d at p. 477.)

did she designate or charge him as a person sued under a fictitious name. Respondent is, in effect, a legal stranger to the action, no less than if he had been named as a party but not served with process.

■ A person properly named and sued as a fictitious defendant is bound by the judgment in an action only if jurisdiction over his person is obtained by service of process (§ 474; see, generally, 2 Witkin, Cal. Procedure (1954), p. 1213); if he is not served with legal process a judgment obtained against him is void. (*McDonald* v. *Mabee* (1916) 243 U.S. 90 [61 L.Ed. 608, 37 S.Ct. 343]; *City of Los Angeles* v. *Morgan* (1951) 105 Cal.App.2d 726 [234 P.2d 319].)

One not made a party defendant in the action stands in no different position than a person who is not served with process. It is equally well settled that a judgment may not be entered in favor of or against a person who is not made a party to the action (*Fazzi* v. *Peters* (1968) 68 Cal.2d 590, 594 [68 Cal.Rptr. 170, 440 P.2d 242]), and any judgment entered against him is void. (*In re Wren* (1957) 48 Cal.2d 159, 163 [308 P.2d 329]; *Sharon* v. *Sharon* (1888) 75 Cal. 1, 39 [16 P. 345]; *Estate of Majtan* (1965) 237 Cal.App.2d 7, 21 [46 Cal.Rptr. 561]; 49 C.J.S. Judgments, § 28, pp. 68-69.) In *Fazzi, supra,* the most recent declaration of the rule, the Supreme Court pointed out that "we simply reaffirm the seemingly self-evident proposition that a judgment in personam may not be entered against one not a party to the action." (P. 591.)

The conclusion we have reached leads to affirmance of the order on the main appeal and makes unnecessary a discussion of the contentions on the cross-appeal.

The order setting aside default and default judgment is affirmed. The cross-appeal from the judgment is dismissed. Respondent Barton is to recover costs on appeal.

Pierce, P. J., and Friedman, J., concurred.

The petition of the plaintiff and appellant for a hearing by the Supreme Court was denied April 22, 1970.