[No. F004069. Fifth Dist. Sept. 28, 1984.]

KERR-McGEE CHEMICAL CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
MICHELLE CUBIT et al., Real Parties in Interest.

**COUNSEL**

Paul, Hastings, Janofsky & Walker, Alan K. Steinbrecher, Pamela M. Woods and Carolyn G. Hill* for Petitioner.

No appearance for Respondent.

*Trial court entered order permitting Ms. Hill to appear as counsel in pro hac vice.

Thomas T. Anderson and David R. Shane for Real Parties in Interest.

## OPINION

**BROWN (G. A.), P. J.**—Petitioner, Kerr-McGee Chemical Corporation (Kerr-McGee) seeks a writ of mandate directing the superior court to quash service of summons and complaint on the ground that the court does not have jurisdiction over it because Kerr-McGee was not a party to the action. We issued an order to show cause and have heard oral arguments.

A summary of the facts shows that on January 19, 1981, real parties in interest (plaintiffs) filed a complaint for medical malpractice, wrongful death and property damage. The complaint named several defendants, including Trona Medical Clinic (TMC). There was no allegation in the complaint that TMC was a fictitious name nor was Kerr-McGee named as a defendant. No one was ever served with a copy of the complaint.

On December 20, 1983, plaintiffs filed a first amended complaint naming as defendants a hospital, several doctors, "Trona Medical Clinic" (TMC) and Does 1 through 30, inclusive. As to Does 1 through 30, appropriate fictitious name allegations were made pursuant to Code of Civil Procedure section 474.[1] Kerr-McGee was not named as a defendant. No fictitious name allegations pursuant to section 474 were made regarding TMC.

On December 21, 1983, Kerr-McGee's agent for service of process in California was served with a summons and a copy of the first amended complaint.

The relevant part of paragraph 2 of the summons read: "2. NOTICE TO THE PERSON SERVED: You are served

"a. . . . . . . . . . . . . . . . . . . . . . .

"b.__x__As the person sued under the fictitious name of: TRONA MEDI-CAL CLINIC

"c.__x__On behalf of KERR MCGEE CHEMICAL CORPORATION

"Under:__x__CCP 416.10 (Corporation) . . . ."

---

[1]All code references are to the Code of Civil Procedure unless otherwise noted.

On February 28, 1984, petitioner filed a motion to quash service of summons and complaint on the ground that the court did not have jurisdiction over petitioner because petitioner was not a party to the action. On March 19, 1984, plaintiffs filed opposition to the motion to quash and concurrently filed an amendment to their complaint.[2] The amendment was entitled "Amendment to Complaint under § 474, C.C.P." and states: "Upon filing the complaint herein, plaintiffs being ignorant of the true name of a defendant, and having designated said defendant(s) in the complaint by a fictitious name(s), to-wit: TRONA MEDICAL CLINIC and, having discovered the true name of said defendant to be KERR-MCGEE CHEMICAL CORPORATION, doing business as TRONA MEDICAL CLINIC hereby amends their complaint by inserting such true name in the place and stead of such fictitious name TRONA MEDICAL CLINIC wherever it appears in said complaint."

At the hearing the trial court orally denied the motion to quash, stating: "All right. I think under the circumstances, obviously there was acceptance of summons, service of summons on behalf of, according to the summons in the file, a copy of the summons in the file that Trona Medical Center [sic] was the party or the person named in the suit and that Kerr-McGee was served on behalf of Trona Medical Center [sic], indicated that being a fictitious name, and the Court feels under Section 473 that furtherance of justice and on terms as may be proper, the Court can allow party to amend any pleading or proceeding by adding or striking out the name of any party or by correcting any mistake in the name of the party. I think it's reasonable to assume under the circumstances there was apparently some mistake made on the part of the moving party [sic], so the motion to quash is denied."

## DISCUSSION

■ A person or entity may become a party defendant only in two ways: by being named as a defendant, or by being properly named and served as a fictitiously named defendant pursuant to section 474. Kerr-McGee was not a named defendant. It was served "As the person sued under the fictitious name of: TRONA MEDICAL CLINIC." However, the provisions of section 474 were not complied with. There are no allegations in the amended complaint that TMC is a fictitious defendant or that plaintiffs were ignorant of its true name. Section 474 provides in pertinent part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . ."

---

[2]After January 19, 1984, plaintiffs could not re-serve the complaint on Kerr-McGee as one of the Doe defendants because on that date the three-year period from the filing of the complaint in which a summons and complaint must be served and returned expired. (§ 581a.)

Unless these requirements are met, a plaintiff may not take advantage of the provisions of section 474 and later substitute a person in the place of the fictitious defendant. (*Nissan* v. *Barton* (1970) 4 Cal.App.3d 76, 79 [84 Cal.Rptr. 36]; *Stephens* v. *Berry* (1967) 249 Cal.App.2d 474, 477 [57 Cal.Rptr. 505]; *Armstrong* v. *Superior Court* (1956) 144 Cal.App.2d 420, 424-425 [301 P.2d 51].)

In *Stephens* v. *Berry, supra,* 249 Cal.App.2d 474, 477, the court refers to the requirements of section 474 as being mandatory. This specifically includes the requirement that the plaintiff state in the complaint that he is ignorant of the true name of a defendant. In *Nissan* v. *Barton, supra,* 4 Cal.App.3d 76, 79-81, as in this case, there was a complete failure to comply with section 474. The court held the trial court lacked jurisdiction over the defendant purportedly served under that section and concluded the default judgment entered as a result of that service was void.

In the trial court and in their return to the order to show cause in this court plaintiffs took the position that Kerr-McGee was properly served under the fictitious name of Trona Medical Clinic. However, in supplementary briefs, and at oral argument before this court, plaintiffs conceded that the statement on the summons that Kerr-McGee was served as the person sued under the fictitious name of Trona Medical Clinic is a legal impossibility. Accordingly, the service of the summons and complaint as made was invalid.

The trial court appears to have attempted to act pursuant to section 473 under the supposition that plaintiffs made a mistake in the names which authorized the trial court to, in effect, substitute "Kerr-McGee Chemical Corporation, doing business as Trona Medical Clinic" as a defendant in place of Trona Medical Clinic.

The germane part of section 473 states: "Allowable amendments. The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer or demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars; and may upon like terms allow an answer to be made after the time limited by this code."

Cases interpreting this section clearly hold that section 473 does not authorize the addition of a party for the first time whom the plaintiff failed to

name in the first instance. Thus, in commenting on the section, the court in *Stephens* v. *Berry, supra,* 249 Cal.App.2d 474, 478, said: "Code of Civil Procedure section 473 permits amendment of a pleading by adding or striking out the name of a party, or by correcting a mistake in the name of a party. The cited cases furnish good examples of the scope of the statute where its authority is used to correct a mistake in the name of a party. (*Thompson* v. *Southern Pacific Co., supra,* [180 Cal. 730 (183 P. 153)] 'Southern Pacific Company' misnamed 'Southern Pacific Railroad Company'; *Nisbet* v. *Clio Mining Co., supra,* [2 Cal.App. 436 (83 P. 1007)] 'Clio Mining Company' sued as 'Clio Mill and Mining Company'; *Smith* v. *Pickwick Stages System, supra,* [113 Cal.App. 118 (297 P. 940)] 'Pickwick Stages System, a corporation' substituted as a defendant in place of 'Pickwick Corporation, a corporation.') In each of the above cases misnomer is evident, and amendment to correct clerical error was properly allowed. But, as said in 1 Chadbourn, Grossman & Van Alstyne, California Pleading, section 686: 'Amendment to correct an honest mistake in the naming of a party, however, must be sharply distinguished from the question whether the correctly named party is actually being joined in the litigation for the first time under the guise of a claim of misnomer.' "

In *Thompson* v. *Palmer Corporation* (1956) 138 Cal.App.2d 387, 390 [291 Cal.Rptr. 995], the court stated the rule as: "Whether an amendment of a pleading will be allowed to change the description or characterization from an individual, a partnership or other association, after the statute of limitations has run depends on whether the misdescription or mischaracterization is merely a misnomer or defect in the description or characterization, or whether it is a substitution or entire change of parties. In the former case an amendment will be allowed; in the latter, it will not be allowed. [Citation.]" (Fn. omitted.) (See also *Milam* v. *Dickman Construction Co.* (1964) 229 Cal.App.2d 208, 211-213 [40 Cal.Rptr. 130]; *Kline* v. *Beauchamp* (1938) 29 Cal.App.2d 340, 342 [84 P.2d 194].)

In the case at bench, before the court allowed Kerr-McGee to be substituted into the action pursuant to section 473 it was a stranger to the action. Clearly, the court's action was nothing less than permitting the addition of a new party to replace a named party defendant. The court's order permitting such substitution was not authorized by law.[3]

---

[3]Our dissenting colleague has cited a mishmash of cases, none of which is on point with the facts of this case. To construe section 473 to allow the substitution in this case would be to convert that statute into a substantive authority to add an entirely new party to a proceeding after the statute of limitations has run, rather than to interpret it as it always has been interpreted, as a procedural statute to authorize correction of obvious and minor mistakes, such as in spelling of a defendant's name. As has been pointed out, it is important to maintain the distinction between correcting an honest error in the name of a correctly named party and joining a new party in the litigation for the first time under the guise of a claim

In their supplementary brief in this court and at oral argument, plaintiffs argued that under the authority of section 473 the trial court in substance allowed the summons to be amended to name Doe 3 as a fictitious defendant instead of TMC. Plaintiffs cite no authority for such a procedure, and we have found none.

The argument is grounded upon fiction. First, it is clear from the record that this is not the action the plaintiffs asked the trial court to take and it is not the action the court took. Secondly, it is clear beyond any shadow of doubt that the description of TMC as a fictitiously named defendant in filling out and serving the summons was not an error or inadvertent mistake.

Through the entire process, from the time the summons was served through the filing of the return to the order to show cause in this court, plaintiffs have taken the position that they intended to serve Kerr-McGee under the fictitious name of Trona Medical Clinic. They argued this position in their opposition to the motion to quash, stating with reference to the offered amendment to the complaint: "To comply with the pertinent parts of § 474, of the *Code of Civil Procedure,* attached hereto and incorporated by reference herein and marked Exhibit 'B' is a copy of an amendment to the complaint under § 474, C.C.P. that was filed concurrently with this opposition. Contained within that amendment to the complaint, plaintiffs' state that having been ignorant of the true name of the defendant and having designated the defendant in the complaint as TRONA MEDICAL CLINIC and having discovered that the true name of said defendant was KERR-MCGEE CHEMICAL CORPORATION, dba TRONA MEDICAL CLINIC, the plaintiff thereby amended the complaint by inserting the true name in place and instead of a designated name, TRONA MEDICAL CLINIC."

Similarly, at oral argument, plaintiffs stated: "MR. SHANE: . . . We served Kerr-McGee through their fictitious defendant Trona Medical Center [*sic*], and the service of process made that quite clear that's what they were being sued for . . . .

"In this case, there was no prejudice to Kerr-McGee. We served them as Trona Medical Center [*sic*] as a fictitious party. The service of summons makes it quite clear who is being sued and what basis.

"
. . . . . . . . . . . . . . . . . . . . .

"And in this case, if you look at the service, it makes it quite clear Trona

---

of misnomer. (*Stephens* v. *Berry, supra,* 249 Cal.App.2d 474; *Milam* v. *Dickman Construction Co., supra,* 229 Cal.App.2d 208; *Thompson* v. *Palmer Corporation, supra,* 138 Cal.App.2d 387; *Kline* v. *Beauchamp, supra,* 29 Cal.App.2d 340.) The dissent fails to make this distinction.

Medical Center [*sic*] is the fictitious medical center and we're suing Kerr-McGee on that matter."

Similar statements were made in this court in plaintiffs' return to the order to show cause. Thus, it is eminently clear that plaintiffs did exactly what they intended to do and there was no mistake.

Importantly, the trial court did not act upon this basis. It was never asked to.[4]

Lastly, the net result of such a procedure would be the addition of a party to the action who was not a party before. To permit the attainment of this end by the process of amending the summons pursuant to section 473[5] would be a circumvention of the well established principles hereinabove enunciated prohibiting the addition of a new party under the authority of that section.

Let a writ of mandate issue directing the superior court to set aside its order denying Kerr-McGee's motion to quash service of summons and complaint and to issue a new order granting the motion. Kerr-McGee shall recover costs incident to this writ proceeding.

Martin, J., concurred.

**ANDREEN, J.,** Dissenting.—The majority opinion has surface validity, but seems technical in the extreme. Had Kerr-McGee been served with summons as a Doe defendant, there would have been no problem. Yet although the summons gave it better notice of an asserted cause of action against it by serving it "under the fictitious name of: Trona Medical Clinic" (for it then knew in what capacity it was sued), it escapes a decision on the merits.

The majority acknowledges, as it must, that had the complaint contained fictitious name allegations regarding Trona Medical Clinic, the writ should be denied. It also admits that had the person who prepared the summons inserted Doe I after the words on the printed form: "NOTICE TO THE PERSON SERVED: You are served . . . [¶] b. As the person sued under the fictitious name of . . .," the result would be a denial of the writ.

---

[4]If the trial court had been asked to do so, it probably would have been improper for the court to change or modify the description of parties under section 473 unless upon motion of a party. The section allows "a party to amend any pleading . . . ." Presumably the court is not authorized to do so on its own motion.

[5]Section 473 allows amendments to "any pleading or proceeding." There is considerable doubt that a summons is a "proceeding," being defined as "the process by which a court acquires personal jurisdiction over a defendant in a civil action." (*MJS Enterprises, Inc.* v. *Superior Court* (1984) 153 Cal.App.3d 555, 557 [200 Cal.Rptr. 286].) In light of our resolution of the case on other grounds, this question need not be decided.

I will establish that the trial court's judgment denying the motion to quash is supportable on two theories: the amendment to the complaint was properly made and the summons, although defective, was sufficient to assert judicial power over Kerr-McGee. Any other holding results in the spectacle of the most populous state in the nation having substantial legal rights pivot on insubstantial technicalities, is offensive to my sense of justice and is not harmonious with modern practice.

As noted by the majority, Code of Civil Procedure[1] section 581a, subdivision (a) precluded service of the complaint upon Kerr-McGee after January 19, 1984, as a Doe defendant, even though it had notice of the action by at least December 21, 1983. The court below attempted to be innovative in order to avoid what it perceived to be an unjust result and ordered that the complaint be amended. In connection with an amendment of a pleading after the statute had run, Justice Holmes wrote: "[W]hen a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied." (*New York Cent. & H. R. R. Co.* v. *Kinney* (1922) 260 U.S. 340, 346 [67 L.Ed. 294, 296, 43 S.Ct. 122].)

A rule of liberality has been applied often in California. I will review a few cases to prove the point.

In *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681], after the time for filing a claim under a bond had expired, plaintiffs were allowed to amend their complaint to make a claim upon the bond, substituting the bonding company for one of the fictitious defendants. The Supreme Court observed that the policy that cases should be decided on their merits has gradually broadened the right of a party to amend a pleading without incurring the bar of the statute of limitations. (*Id.,* at p. 600.) Not only was an amendment permitted substituting the bonding company for a fictitious defendant, but also changing the allegations of the complaint, since there had been no claim that a fictitious defendant had been liable as a surety. The court held that an amendment relates back to the original complaint as long as recovery is sought on the same general set of facts.

And in *Garrett* v. *Crown Coach Corp.* (1968) 259 Cal.App.2d 647 [66 Cal.Rptr. 590], plaintiff's complaint for personal injuries incurred when his vehicle was struck by a school bus included the naming of fictitious defendants, but did not contain an allegation that negligent design or manufacture

---

[1]All statutory citations are to the Code of Civil Procedure.

caused the accident. After the statute of limitations had passed, plaintiff was permitted to amend, not only to substitute Crown Coach Corp. as Doe I, but to include allegations of negligent design and manufacture of the school bus.

Finally, in *Kleinecke* v. *Montecito Water Dist.* (1983) 147 Cal.App.3d 240 [195 Cal.Rptr. 58], a plaintiff sued a sanitary district, when he should have sued a water district. The two districts were represented by the same attorney, who filed an answer on behalf of the sanitary district. The five-year statute of limitations passed. Then, plaintiff learned of his mistake and filed a motion under section 473 seeking to amend his complaint to name the water district as a defendant on the ground that he had mistakenly named the sanitary district. The water district argued that plaintiff was seeking not merely to correct a misnomer as to a defendant but to bring in an entirely new party after the statute of limitations had run. The trial court granted the motion to amend. However, it later granted a summary judgment in favor of the water district on the ground of the running of the statute.

The appellate panel reversed on the ground that the water district was equitably estopped from asserting the statute of limitations. The defense attorney had done nothing more than have some "contacts" with his adversary before suit was filed, fail to notify the plaintiff's attorney that he had sued the wrong defendant, file an answer containing a general denial to the complaint with mail service to the attorney's street address rather than to his post office box, and fail to return communications from plaintiff's attorney, yet this was held sufficient to invoke the doctrine of equitable estoppel.

In the instant action, the trial court, in an attempt to observe the rule that cases should be decided on their merits and with realization of the rule of liberality as to amendments of pleading, used section 473 to amend the complaint so that a named defendant was not "Trona Medical Clinic," but instead, was "Kerr-McGee Chemical Corporation doing business as Trona Medical Clinic." This is attacked on several grounds.

The first assault is that the court did not correct the name of a party, but instead added a new one to the litigation. Concededly, the amendment is greater than those cited in *Stephens* v. *Berry* (1967) 249 Cal.App.2d 474 [57 Cal.Rptr. 505] (substitution of Southern Pacific Company for Southern Pacific Railroad Company, Clio Mining Company for Clio Mill and Mining Company and Pickwick Stages System, a corporation for Pickwick Corporation, a corporation). But the difference is one of degree.

In *Mayberry* v. *Coca Cola Bottling Co.* (1966) 244 Cal.App.2d 350 [53 Cal.Rptr. 317], two different firms were vertically engaged in the produc-

tion of soft drinks. One was a partnership of three persons operating under the firm name of Coca Cola Bottling Company of Sacramento, a partnership. The other firm, a corporation, was called Coca Cola Bottling Company of Sacramento, Ltd. After the statute of limitations had run, and in the middle of trial, plaintiff learned that his suit against the corporation was faulty; he should have sued the partnership. He moved to substitute the partnership for the corporation, which was granted. The court then granted the corporation's motion to dismiss. The jurors were discharged and the matter removed from the trial calendar. The partnership then filed a demurrer setting up the bar of the statute of limitations. The demurrer was sustained without leave to amend and a dismissal followed.

The appellate panel reversed. The litmus test was said to be the distinction "between a plaintiff who has committed an excusable mistake and one who seeks a free option among potential liability targets after the statute has run . . . ." (*Id.*, at p. 353.) The court noted that modern business practices often divide integrated business operations—if only for tax purposes— among a group of artificial entities. The court noted the general rule "which permits correction where the plaintiff has committed an excusable mistake attributable to dual entities with strikingly similar business names *or to the use of fictitious names.*" (*Id.*, at p. 353, italics added.) The appellate panel reversed and ordered the trial court to permit amendment to the complaint.

Admittedly, the case at bench is not as compelling as *Mayberry,* but there are striking similarities. As in *Mayberry,* the plaintiffs made a mistake in the designation of a defendant. The trial court made an implied finding that the mistake was excusable. Our plaintiffs are not seeking "free option among potential liability targets after the statute has run," they are seeking to sue the true entity that operates the Trona Medical Clinic. It served that entity (Kerr-McGee), albeit unartfully. Two other factors cited in *Mayberry* came into play here—the fact that the real tortfeasor had knowledge of the lawsuit and the desirability of protecting substantive rights.

To the same general effect see *Canifax* v. *Hercules Powder Co.* (1965) 237 Cal.App.2d 44. The complaint named "Coast Equipment Company" as a defendant. The actual manufacturer sought to be sued was "Coast Manufacturing and Supply Company." When the manufacturer moved for summary judgment, the plaintiff sought to amend the complaint to show the true name of the defendant. The trial court denied the motion to amend and granted the motion for summary judgment. The appellate panel reversed. Citing 1 Chadbourn et al., California Pleading, the court stated: " 'Where full notice is given and a reasonably prudent person would realize that he is the party intended to be named as the defendant, the court will treat the mistake as harmless misnomer in order to promote substantive rights.' "

(*Canifax* v. *Hercules Powder Co.*, *supra*, 237 Cal.App.2d at p. 58, quoting 1 Chadbourn et al., Cal. Pleading (1961) § 688, p. 575.) There was no covert attempt to substitute a new party. The real defendant was not prejudiced nor misled.

In *Canifax*, both the erroneous and true names had two words in common: "Coast" and "Company." In the instant case, there was no commonality of designation. But it cannot be gainsaid that Kerr-McGee, as did the defendant in *Canifax*, knew that the plaintiff was charging it with negligence and that it was the party intended to be charged.

The point of the cases cited is that *a mere correction of a misnomer is not an addition of a new party.*

There is one California case which approaches the facts of the instant action. In *Henderson* v. *Superior Court* (1915) 26 Cal.App. 437 [147 P. 216], the named plaintiff was "United Mercantile Association." In the body of the complaint, there was an allegation " '[t]hat it is an individual doing business under the fictitious name and style of the United Mercantile Association . . . .' " (*Id.*, at p. 438.) The defendant objected to the introduction of any evidence on the ground that the plaintiff did not have the legal capacity to sue. Although the objection was sustained, the trial court thereupon made an order allowing an amended complaint to be filed which changed the title of the suit to read "I. R. Rubin suing herein as United Mercantile Association." A complimentary amendment was made in the body of the amended complaint. The court stated: "We think that the complaint here contained a sufficient allegation as to the fact that the plaintiff, while designated by a fictitious name in the title, really was an individual and that under such allegation the complaint was properly allowed to be amended to show who the individual was." (*Id.*, at p. 439.) The judgment was affirmed.

In the case at bench, the plaintiffs were not casting about attempting to bring in a completely new party, their intent was to bring an action against the party responsible for running Trona Medical Clinic, and the trial court recognized that. Accordingly, it amended the pleadings which in effect substituted the name of Kerr-McGee Chemical Corporation doing business as Trona Medical Clinic for Trona Medical Clinic.

The majority takes comfort in the fact that the amendment was more than a "correction of obvious and minor mistakes, such as in spelling of a defendant's name." (Fn. 3, p. 599 of maj. opn.) The amendments in *Mayberry, Canifax* and *Henderson* were of greater import than a mistake in spelling a name. In *Mayberry,* a corporation rather than a partnership was

sued. In *Canifax,* the defendant was named in three words: "Coast Equipment Company." The amendment inserted in its place "Coast Manufacturing and Supply Company." In *Henderson,* the named plaintiff was an association. An amendment was effected which substituted an individual using the name of an association.

I concede that the trial court took an additional step by the amendment in the instant case. There is no commonality of words between Trona Medical Clinic and Kerr-McGee Chemical Corporation. Does that fact mean that a new party has been added? I think not. The identity of the party was the same; only the name was changed. Although it is not ordinarily necessary to state it, there is a difference in meaning between the words "identity" and "name." "Identity" is the state of being a specific person or thing, and no other. "Name" is the word or group of words by which a person or thing is referred. (Funk & Wagnalls Standard College Dict. (1973) pp. 665, 898.) The identity was the thing operating the clinic; the name was that which people used to refer to it. The trial court did nothing more than change the name of an existent party. It did not add a new party. A recognition of this fact does not result in cataclysmic appellate development; it is a logical extension of existing practice. It is a refusal to exalt form over substance.

Kerr-McGee was before the court at all times under its fictitious name Trona Medical Clinic. When the plaintiffs filed their complaint with the clerk of the trial court, they signaled that they had decided to invoke the court's aid to vindicate asserted rights invaded by the entity responsible for the operation of the clinic. Kerr-McGee learned that it was the target when it was served. It is in no way prejudiced by a recognition of the difference between its identity and its name.

The majority notes that the court amended the complaint on its own motion. When the court acted, Kerr-McGee did not object on the ground of lack of notice or otherwise. The point was waived.

The majority makes much of the fact that the plaintiffs concede that the statement on the summons that Kerr-McGee was served as the person sued under the fictitious name of Trona Medical Clinic is a legal impossibility. Perhaps it was. The real point, under modern pleading and practice theory, is that Kerr-McGee knew very well that it was being served as a fictitious defendant. The statement on the summons "You [Kerr-McGee] are served as the person sued under the fictitious name of Trona Medical Clinic" is adequate notice that plaintiffs sought to invoke the court's jurisdiction over Kerr-McGee under section 474. Since this is the case, there is no reason to hold that the summons was void. Although the trial court did not deny the

motion to quash on the theory that the summons was sufficient to assert judicial power over Kerr-McGee, that fact is not fatal. If the judgment denying the motion to quash was correct, the fact that the trial court gave the wrong reason is unimportant. (*Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117].)

Due to years of conditioning, it is easy for us to lose sight of the reality of our fictitious-name practice. The whole thing would be an appropriate subject for treatment by Lewis Carroll. A plaintiff's attorney lists by fictitious names several imaginary defendants so that if new targets are discovered during the three-year period of section 581a, they may be brought into the suit via the fiction that they were actually defendants all along. This delightful subterfuge is peculiar to California. It exists in neither federal civil practice nor the practice of the other 49 states. (Hogan, *California's Unique Doe Defendant Practice: A Fiction Stranger Than Truth* (1977-1978) 30 Stan.L.Rev. 51.)

The plaintiffs in the instant action attempted to use the fictitious name practice in a straightforward (although technically incorrect) way. They knew the *identity* of the alleged tortfeasor—it was the person or entity responsible for the operation of the Trona Medical Clinic. It was only the *name* that was in doubt. There was a real defendant out there somewhere; plaintiffs were sure of his or its existence. A more questionable, but nevertheless sanctioned, California practice is where the plaintiff does not know the defendant's identity, and does not know of his possible involvement. It is in this latter instance—in which the plaintiff has no knowledge of the identity or involvement of a defendant whose very existence is conjectural—that courts should be careful to insure that a plaintiff has leaped through all of the hoops of section 474, for it can be truly said that a new party has been added to the action and the only justification is California's peculiar statute. But where, as in the instant case, the identity of the party was known, the only thing unknown being the true name, it is no disservice to Kerr-McGee or to the cause of justice to tolerate less meticulous practice.

I therefore believe that the amendment was proper under section 473 and that the service of the summons was a valid act under section 474. I would deny the writ.