[No. F003527. Fifth Dist. Mar. 22, 1984.]

MJS ENTERPRISES, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF KINGS COUNTY, Respondent;
ADAM SERPA et al., Real Parties in Interest.

**COUNSEL**

Joel M. Basta for Petitioners.

No appearance for Respondent.

Sharp & Maroot and C. William Dahlin for Real Parties in Interest.

**OPINION**

**THE COURT.**\*—Petitioners seek a writ of mandate directing respondent court to grant their motion to set aside a default judgment entered against them in a civil action and motion to quash service of process in that action.

---

\*Before Brown (G. A.), P. J., Hanson (P. D.), J., and Martin, J.

FACTS

Petitioner MJS Enterprises, Inc. (defendant) is a named defendant in a civil action; real parties (plaintiffs) are the plaintiffs in that action.

On August 8, 1983, summons in the action was personally served upon petitioner Michael Saporetti; the proof of service indicates that Saporetti was served on behalf of defendant. However, the summons so served contains a "NOTICE TO THE PERSON SERVED" stating that he is served as an individual defendant pursuant to Code of Civil Procedure section 416.90 (individual). Nothing in the summons indicates that the process is directed to defendant MJS Enterprises, Inc. Michael Saporetti is an individual defendant in the action; paragraph 5 of the complaint alleges that he is DOE 1.

On September 19, 1983, default judgment was entered against defendant MJS Enterprises, Inc.

On October 21, 1983, defendant moved to set aside the default judgment against it pursuant to Code of Civil Procedure section 473 and to quash service of summons upon it upon the ground, inter alia, that respondent court lacked personal jurisdiction over it because the summons served upon it did not comply with the notice requirements of Code of Civil Procedure section 412.30.

On November 8, 1983, the motions were denied.

DISCUSSION

■  A summons is the process by which a court acquires personal jurisdiction over a defendant in a civil action.  ■  The form of a summons is prescribed by law, and this form must be substantially observed. (*Lyman* v. *Milton* (1872) 44 Cal. 630, 634.)  ■  Service of a substantially defective summons does not confer jurisdiction over a party (*Greene* v. *Municipal Court* (1975) 51 Cal.App.3d 446, 451 [124 Cal.Rptr. 139]) and will not support a default judgment. (*State* v. *Woodlief* (1852) 2 Cal. 241.) Notice of the litigation does not confer personal jurisdiction absent substantial compliance with the statutory requirements for service of summons. (See *Ault* v. *Dinner For Two, Inc.* (1972) 27 Cal.App.3d 145, 148 [103 Cal.Rptr. 572].)

■ The summons served upon defendant was fatally defective. It did not contain the mandatory notice required by law (Code Civ. Proc., § 412.30;[1] *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 435 [96 Cal.Rptr. 571, 487 P.2d 1211]) and does not otherwise in any manner indicate an attempt to assert judicial power over defendant. The default taken against defendant is expressly prohibited by section 412.30.

The default judgment against defendant is void for lack of personal jurisdiction. Defendant's motion to set it aside should have been granted. (Code Civ. Proc., § 473, last par.) Respondent court exceeded its jurisdiction in denying said motion.

*Cory* v. *Crocker National Bank* (1981) 123 Cal.App.3d 665 [177 Cal.Rptr. 150], relied upon by plaintiffs, is distinguishable. There, the reviewing court concluded that the summons served upon the corporate defendant substantially complied with section 412.30. At bench, the summons served upon defendant does not comply at all with this statute.

We agree with plaintiffs' assertion that the statutes should be liberally construed to uphold jurisdiction where the defendant receives actual notice it is being sued. However, liberal construction cannot cure plaintiffs' complete failure to comply with section 412.30. The notice given by the summons must prevail over any conflicting statements which may have been made by the person who attempted to serve the summons upon defendant. Since Michael Saporetti is an individual defendant in the action, he was entitled to rely upon the statement in the summons that he was served as an individual defendant; it is the summons, not the process server, which asserts judicial power.

A peremptory writ of mandate is proper and should issue. (Code Civ. Proc., § 1088; see *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

---

[1]Code of Civil Procedure section 412.30 provides: "In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons that is served shall contain a notice stating in substance: 'To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure).' If service is also made on such person as an individual, the notice shall also indicate that service is being made on such person as an individual as well as on behalf of the corporation or the unincorporated association.

"If such notice does not appear on the copy of the summons served, no default may be taken against such corporation or unincorporated association or against such person individually, as the case may be."

Let a peremptory writ of mandate issue directing the Superior Court of Kings County to vacate its order denying the motion of defendant MJS Enterprises, Inc. to set aside the default judgment entered against it in action No. 36991 and to enter a new order granting said motion.

The petition of Michael and Edna Saporetti is denied. Insofar as it seeks relief not granted above, the petition of MJS Enterprises, Inc. is denied.

The stay order issued by this court on January 10, 1984, shall remain in effect until (1) all acts directed above have been performed, (2) this opinion is final in all California courts, or (3) the Supreme Court grants a hearing herein, whichever may first occur.