[No. F005496. Fifth Dist. Oct. 2, 1985.]

MANNESMANN DEMAG, LTD., Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
DONALD C. WELCH, Real Party in Interest.

COUNSEL

Borton, Petrini & Conron, John F. Petrini and John Stovall for Petitioner.

No appearance for Respondent.

Klein, Wegis & Duggan, Jeffrey A. Green and John C. Hall for Real Party in Interest.

OPINION

**BROWN (G. A.), P. J.**—Petitioner, Mannesmann DeMag, Ltd., seeks a writ of mandate to require the trial court to set aside its order denying its motion to dismiss the complaint in the above matter. The motion in the trial court was grounded upon failure of real party, Donald C. Welch, plaintiff in the action below, to serve the summons upon petitioner, defendant in the action below, and return it within three years after the commencement of the action pursuant to the requirements of Code of Civil Procedure[1] section 581a (now § 583.210 et seq.).[2]

The underlying personal injury action, entitled "Donald C. Welch, Plaintiff, v. Kerr-McGee Chemical Corporation, Does 1 through 50, inclusive," No. 177293, was commenced on November 25, 1981. The plaintiff alleges that he was injured while working for his employer, General Devices. He alleges his injuries were caused by malfunctioning of a crane manufactured by petitioner, a Canadian corporation.

On November 15, 1984, plaintiff, real party herein, filed an amendment to the complaint identifying Doe 13 as petitioner Mannesmann DeMag, Ltd.

On November 19, 1984, six days before the expiration of the three-year statute, real party attempted service of process on petitioner Mannesmann by delivering a copy of the summons, complaint and amendment to the complaint to Glenn Berning, supervisor and vice president of Mannesmann in Canada. The summons and the affidavit of service were filed on November 20, 1984.

---

[1] All statutory references are to the Code of Civil Procedure Code unless otherwise indicated.

[2] Concurrently with the filing of the motion to dismiss, petitioner filed a separate motion to quash service of the summons for lack of personal jurisdiction over petitioner based upon the contention that petitioner, a foreign corporation, was not authorized to do business in California, was not present here, and did not have those minimal contacts with the state constitutionally required for exercise of jurisdiction over petitioner. The motion was denied. Because the cause is disposed of favorable to petitioner upon the motion to dismiss, we need not pass upon the validity of the denial of the motion to quash.

Correspondence from Mannesmann's attorney to real party's attorney shows that Mannesmann had actual knowledge that Mannesmann was being sued.

On January 17, 1985, more than three years after commencement of the action, Mannesmann, alleging fatally defective service of process, filed its motion to dismiss under the three-year statute. (§ 581a, now § 583.210 et seq.)[3] The motion was denied, and this petition followed.

## DISCUSSION

The summons that was served and returned followed the title of the complaint in that it only identified Kerr-McGee Chemical Corporation and Does 1 through 50 as defendants; the name Mannesmann DeMag, Ltd. did not appear anywhere on the summons and, as shown by the following facsimile of the crucial part of the summons entitled "Notice to the Person Served," the return failed to describe who was being served or in what capacity he was being served.

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (individual)
☐ other:
4. ☐ by personal delivery on (date):

None of the appropriate boxes was checked, though Mannesmann's name did appear in the amendment to the complaint which was delivered at the same time as the summons.

■ "A summons is the process by which a court acquires personal jurisdiction over a defendant in a civil action" (*MJS Enterprises, Inc.* v. *Superior Court* (1984) 153 Cal.App.3d 555, 557 [200 Cal.Rptr. 286]), and a defendant has an absolute right to demand that process be issued against him in a manner prescribed by law. As a general rule, however, the provisions of the rules governing service of process are to be liberally construed. (§ 4; Li, Attorneys Guide to Cal. Jurisdiction and Process (Cont.Ed.Bar 1970) pp. 57-58.)

---

[3]The provisions of the recast section 581a (§ 583.210 et seq.) are substantially the same. One difference, which has no significance on the facts of this case, is that under the amendment a return may be made within sixty days after the three-year period, rather than within the three-year period. (See § 583.210, subd. (b).)

Section 412.30, prescribing the method of serving the summons, provides in relevant part:

"In an action against a corporation . . . the copy of the summons that is served shall contain a notice stating in substance: 'To the person served: You are hereby served in the within action . . . on behalf of [the name of the corporation] as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party . . . .'

"If such notice does not appear on the copy of the summons served, no default may be taken against such corporation . . . ."

■ The requirements of section 412.30 are mandatory (*Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 435 [96 Cal.Rptr. 571, 487 P.2d 1211]), though those requirements may be satisfied by substantial compliance (*MJS Enterprises, Inc.* v. *Superior Court, supra,* 153 Cal.App.3d at p. 557).

■ Case law supports our conclusion that the instant case is not a case of substantial compliance but one of no compliance at all with section 412.30, and liberal construction cannot cure a complete failure to comply with that section.

Thus in *Schering Corp.* v. *Superior Court* (1975) 52 Cal.App.3d 737 [125 Cal.Rptr. 337], petitioner, a corporate supplier and manufacturer of drugs, challenged a trial court's denial of its motion to quash and to dismiss for failure to comply with section 412.30. The lower court had found substantial compliance. The summons in question indicated that the person served was served on behalf of the person sued under the fictitious name of Doe 1. Doe 1, however, was designated in the complaint as a physician, not a corporation. The California Court of Appeal issued a peremptory writ of mandate directing respondent court to vacate its order denying petitioner's motion to quash and enter a new order quashing service and dismissing the action. The court found the summons did not comply with the statutory requirements of section 412.30; there was no designation that the person served as or on behalf of Doe 1 was served on behalf of the corporation. In fact, Doe 1 was designated as a physician so as to exclude reference to the petitioner. (*Id.,* at p. 742.)

In *MJS Enterprises, Inc.* v. *Superior Court, supra,* 153 Cal.App.3d 555, petitioner MJS Enterprises was named as a defendant in a civil action. Service of summons on MJS was personally made upon a Michael Saporetti who, in his individual capacity, was also a defendant in the action. The summons mistakenly indicated the person served was served in his individ-

ual capacity. A default judgment was entered against MJS. MJS made motions to set aside the default and quash service of process. Both were denied. On review by writ, this court issued a peremptory writ directing the superior court to vacate the default and enter a new order granting the motion to quash. The court agreed with plaintiff's assertion "that the statutes should be liberally construed to uphold jurisdiction where the defendant receives actual notice it is being sued," but reasoned "liberal construction cannot cure plaintiffs' complete failure to comply with section 412.30. The notice given by the summons must prevail over any conflicting statements . . . ." (*Id.*, at p. 558.)

Real party relies upon *Cory* v. *Crocker National Bank* (1981) 123 Cal.App.3d 665 [177 Cal.Rptr. 150]. In that case a summons served upon a corporate defendant failed to identify the corporate defendant as the person being served and no check mark was inserted in the box which specified that the individual who received the service did so on behalf of the corporate defendant. However, the summons did reveal the name of the corporate defendant as a defendant and that service was effected under section 416.10. The defendant filed a motion to quash the service of summons and to dismiss the complaint for improper service. The trial court granted the motions. The appellate court reversed. Relying on the fact that the person served knew he was not being served in an individual capacity, that the summons revealed service was being made under section 416.10 and that the corporate defendant named on the summons was the corporate defendant being sued, the court found petitioner substantially complied with section 412.30. (*Id.*, at p. 670.)

Unlike the summons in the *Cory* case, in the instant case the name of the defendant Mannesmann did not appear on the face of the summons. Further, there is no indication on the face of the summons that the person served was not being served in an individual capacity. Accordingly, we conclude that the summons was so incomplete on its face as to render it ineffective to impart notice to its recipient and therefore the attempted service on petitioner did not satisfy the mandate of section 412.30.

While it is undeniable that petitioner had actual notice of the lawsuit by reason of correspondence by its attorney to real party's attorney, "Notice of the litigation does not confer personal jurisdiction absent substantial compliance with the statutory requirements for service of summons." (*MJS Enterprises, Inc.* v. *Superior Court, supra,* 153 Cal.App.3d at p. 557.)

██ Ordinarily a motion to quash (§ 418.10), not a motion to dismiss pursuant to the three-year statute, is the procedural device used to test the validity of improper service. However, we have found no authority stating

that a motion to quash is the only or the exclusive method of raising the issue of the validity of the service of summons under the narrow circumstances of this case.

The requirement of section 583.210, that "summons and complaint shall be served upon a defendant within three years after the action is commenced . . . ," necessarily raises the issue of the validity of the service as "[o]nly effective service of summons and complaint satisfies section 581a [now § 583.210 et seq.]." (*Schering Corp.* v. *Superior Court, supra,* 52 Cal.App.3d at p. 742.) When, as here, the attempted service is made very close to the running of the three-year period, a granted motion to quash would have afforded no opportunity to the plaintiff to have attempted to correct the defective service. Accordingly, not employing a motion to quash did not prejudice real party. We conclude that under the factual situation here involved petitioner properly attacked the validity of the service by a motion to dismiss under the three-year statute. To hold otherwise would be to exalt a procedural technicality over substance.[4]

Real party contends that the appearance of counsel for petitioner on March 1, 1985, after the running of the three-year statute, at the taking of the deposition of a percipient witness to the accident and participation in questioning the witness regarding the issues in the case amounted to a general appearance by petitioner, curing any defective service. (*Creed* v. *Schultz* (1983) 148 Cal.App.3d 733, 740 [196 Cal.Rptr. 252].) Assuming, however, without deciding, that appearance at the deposition and questioning the witness amounted to a general appearance by petitioner, such an appearance after the expiration of the three-year statute did not affect petitioner's prior motion to dismiss under the three-year statute. That motion remains alive and reviewable. (*Busching* v. *Superior Court* (1974) 12 Cal.3d 44, 52-53 [115 Cal.Rptr. 241, 524 P.2d 369]; *National Union Fire Ins. Co.* v. *Superior Court* (1966) 247 Cal.App.2d 326, 330 [55 Cal.Rptr. 574].) While these cases were decided under section 581a, we see nothing in the recasting of that section into the form presently appearing in section 583.210 et seq. which would alter the result.

Let a writ of mandate issue directing the Superior Court of Kern County to vacate its order in action No. 177293, dated February 6, 1985, denying petitioner's motion to dismiss and to enter a new order granting said motion.

---

[4]This issue was not raised by the parties in the trial court nor on appeal. We asked for supplementary briefing on the issue. Petitioner commented upon the issue. However, real party ignored our request.

Insofar as the petition seeks relief not granted above, it is denied. Each party shall bear its/his own costs.

Hanson (P. D.), J., and Martin, J., concurred.