MATTHEWS METALS PRODUCTS, INC., a California Corporation; Steve Matthews; Dennis Matthews; and Todd Matthews, Plaintiffs,

v.

RBM PRECISION METAL PRODUCTS, INC., a Colorado Corporation, et al., Defendants.

No. C–99–20072 RMW.

United States District Court, N.D. California.

July 2, 1999.

Larry Wallerstein, Schneider & Wallerstein, Los Gatos, CA, for plaintiffs.

Arthur Park, Kelly Dixon, Ottenweller, Solan & Park, San Francisco, CA, for RBM defendants.

Thomas Caudill, The Law Offices of Thomas Caudill, San Jose, CA, for defendant Stone.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' COUNTER–MOTION TO DISMISS DEFENDANT STONE

WHYTE, District Judge.

Plaintiffs' motion to remand this case to state court and defendants' counter-motion to drop defendant Stone as an improperly joined party were heard on April 30, 1999.

The court has read the moving and responding papers and heard oral argument of counsel. For the reasons set forth below, the court grants plaintiffs' motion to remand and denies defendants' motion to dismiss defendant Stone.

## 1. Propriety of Original Removal

Plaintiffs argue that defendant RBM Precision Metal Products, Inc.'s ("RBM") removal of the action on February 2, 1999 was improper because defendant William Suddath ("Suddath") did not join in it. All properly served defendants must join in removing a case to federal court pursuant to 28 U.S.C. § 1446. *See Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986).

The question in this case is whether Suddath was properly served by a summons and complaint mailed to him on December 21, 1998. Under California law, a summons must substantially comply with the statutory requirements in order for service of it to constitute effective service. *See MJS Enterprises, Inc. v. Superior Court of Kings County*, 153 Cal.App.3d 555, 200 Cal.Rptr. 286 (1984) (the form of the summons prescribed by law must be "substantially observed" in order to confer jurisdiction over a party). While plaintiffs in the present action used an approved summons form which contains all of the required language set forth in California Code of Civil Procedure § 412.20, they failed to give notice to Suddath that he was being served personally as opposed to being served on behalf of RBM. The notice on the summons that Suddath received sates "You are served ... on behalf of ... RBM Precision Metal Products, Inc., a Colorado Corporation." The box for service "as an individual defendant" was not checked. Therefore, the court finds that defendant Suddath was not adequately put on notice that he was being served in his individual capacity rather than as an officer of RBM. Consequently, since Suddath was not properly served prior to RBM's removal, he was not required to join in the removal.

## 2. Joinder of Stone Defeats Diversity Jurisdiction

Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only if there is complete diver-

sity between plaintiffs and defendants. In the current case, plaintiffs have amended their complaint to add a declaratory relief claim against defendant Clarence C. Stone ("Stone") to determine their rights and duties with respect to the commission payment Stone seeks from plaintiffs for putting the underlying deal together. Since newly-added defendant Stone is a citizen of California and plaintiffs are all citizens of California, complete diversity is now lacking unless Stone is not properly a party defendant.

### a. Rule 15 Allows Amendment of the Complaint to Add Stone

■ Defendants argue that although they had not responded at the time plaintiffs amended their complaint to add Stone as a defendant, plaintiffs were required to obtain leave of court. There is authority to support defendants' claim. *See Pacific Gas & Elec. Co. v. Fibreboard Products, Inc.*, 116 F.Supp. 377, 382 (N.D.Cal.1953) ("An amendment to a complaint which adds or drops a party requires an order of the court as specified in Rule 21, F.R.C.P., regardless of whether it precedes or follows the first responsive pleading of any defendant."). However, other authority and the more persuasive reasoning supports the conclusion that leave of court is not required for an amendment adding a party prior to the filing of a responsive pleading. *See DeMalherbe v. International Union of Elevator Constructors*, 438 F.Supp. 1121 (N.D.Cal.1977); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane: *Federal Prac. & Proc.* § 1479 (Rule 15), RELATIONSHIP BETWEEN RULE 15(A) AND OTHER FEDERAL RULES (1989). Rule 21 of the Federal Rules of Civil Procedure can correctly be viewed as a general provision dealing with adding and dropping parties, while Rule 15(a) is a more specific provision dealing with the particular means by which a party may do so by an amendment to the pleadings. Therefore, the court concludes that plaintiffs could properly add Stone without leave of court.

### b. Stone Was Properly Joined as a Party Under Rule 20(a)

■ Stone is properly joined as party under Rule 20(a).

> All persons … may be joined in one action as defendants if there is asserted

against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested obtaining or defending against all the relief demanded.

F.R.C.P., Rule 20(a). The requirements of Rule 20(a) are construed liberally in order to promote the broadest scope of action consistent with fairness to the parties. *See League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). Plaintiffs' claims against Stone meet the standards of Rule 20(a) for joining Stone as a defendant. The court concludes that plaintiffs properly joined Stone as a defendant and that his joinder is not a sham to defeat diversity jurisdiction.

### c. Since Stone Is Not a Diverse Party, Remand Is Appropriate

The addition of Stone as a party defendant destroys diversity jurisdiction because he, like plaintiffs, is a California resident. Therefore, remand is appropriate. *See Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371 (9th Cir.1980); *Righetti v. Shell Oil Company*, 711 F.Supp. 531, 535 (N.D.Cal.1989).

### 3. Order Remanding Action and Denying Motion to Dismiss Stone

Based on the foregoing, the court grants plaintiffs' motion to remand the case to the Santa Clara County Superior Court and denies defendants' motion to dismiss defendant Stone from the action.