Filed 5/30/14  Turner v. the Hertz Corp. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARY TURNER,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>THE HERTZ CORPORATION et al.,<br><br>　　Defendants and Appellants. | F065250<br><br>(Tulare Super. Ct. No. VCU223952)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Lloyd L. Hicks, Judge.

Lombardi, Loper & Conant, and John W. Ranucci, for Defendants and Appellants.

Bourdette & Partners and Philip C. Bourdette; The Arkin Law Firm and Sharon J. Arkin for Plaintiff and Respondent.

-ooOoo-

This case arises from a tragic vehicle collision that claimed Loyed Turner's life. Turner's widow, Mary Turner (Plaintiff), sued The Hertz Corporation (Hertz), among others, alleging that Hertz had negligently entrusted the vehicle being operated by the other driver, Luciano Magini.

After the collision, Luciano Magini died. Plaintiff amended her complaint to sue the Estate of Luciano Magini (the Estate) under Probate Code section 550, et seq.

The Probate Code permits "an action to establish the decedent's liability for which the decedent was protected by insurance … against the decedent's estate without the need to join as a party the decedent's personal representative or successor in interest." (Prob. Code, § 550, subd. (a).) Actions brought under Probate Code section 550 et seq., must "name as the defendant, 'Estate of (name of decedent), Deceased.' " (Prob. Code, § 552, subd. (a).) The summons is to be served on the decedent's insurer or its designee. (*Ibid*.) The resulting judgment may be enforced against the insurer. (Prob. Code, § 9390, subd. (a).)

The central question presented in this appeal is whether plaintiff effectively served the Estate. The summons plaintiff had served on Hertz did not name the Estate, nor did it indicate that Hertz was being served on behalf of the Estate. Nonetheless, the trial court ultimately ruled the Estate was "properly a party by virtue of service on Hertz." The trial court then rendered a default judgment against the Estate, which we will now reverse.

A summons must be "directed to" the defendant over whom personal jurisdiction is sought. (See Code Civ. Proc., § 412.20, subd. (a).) Here "[n]othing in the summons indicate[d] that the process [was] directed to" the Estate. (See *MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal.App.3d 555, 557 (*MJS*).) Indeed, the summons plaintiff served on Hertz did not even name the Estate. (See *Mannesmann DeMag, Ltd. v. Superior Court* (1985) 172 Cal.App.3d 1118, 1124 (*Mannesmann*).) Nor did the summons "in any manner indicate an attempt to assert judicial power over" the Estate. (See *MJS*, *supra*, 153 Cal.App.3d at p. 558.) Therefore, the summons did not effect valid service on the Estate and the resulting default judgment is void for lack of personal jurisdiction. (Cf. *ibid*.)

Plaintiff's contention that the Probate Code provides for delivery of the Estate's summons to the insurer (i.e., Hertz) is correct, but unavailing. Because the summons was fatally defective as to the Estate, it is irrelevant that it was delivered to the appropriate entity.

We will reverse the judgment as to the Estate of Luciano Magini only.

## BACKGROUND

### Underlying Tort

Loyed Turner was killed in a vehicle collision negligently caused by Luciano Magini. While traveling northbound, Magini crossed over a double yellow line on State Highway 65 and collided with Loyed Turner's southbound vehicle. Defendant Jennifer Hernandez was allegedly driving a third vehicle also involved in the collision.

### Pleadings and Service

In the original complaint, filed August 3, 2007, plaintiff sued Luciano, Jennifer Hernandez, appellant Hertz and Does 1-25. The complaint alleged that Hertz "entrusted" and "owned the motor vehicle" involved in the collision. [1]

In a first amended complaint, filed September 10, 2007, plaintiff named "The Estate of Luciano Magini" as Doe 1. The amended complaint added allegations that defendant had, as a matter of law, appointed the Director of the Department of Motor Vehicles as his attorney for service of process. (See Veh. Code, § 17451.)

In a letter to plaintiff's counsel dated December 6, 2007, Hertz's counsel stated "it is probable that I will be appearing for Magini when service is complete on Magini."

In a second amended complaint filed September 28, 2009, plaintiff alleged that "The defendants who operated a motor vehicle are … Estate of Luciano Magnini [*sic*], The Hertz Corporation as the insurer of the Estate (Probate Code 554) and Jennifer Hernandez." The second amended complaint also alleged that "The Hertz Corporation is liable pursuant to Probate Code section 554."

---

[1] The complaint does not specify which motor vehicle Hertz allegedly entrusted and owned. However, throughout the trial court proceedings, it is clear that plaintiff contended Hertz allegedly entrusted and owned the vehicle driven by Magini, not the vehicle driven by Hernandez.

Plaintiff finally served Hertz with a summons on November 16, 2009. Hertz answered the second amended complaint on December 17, 2009.

**Motion for Summary Adjudication**

Hertz moved for summary adjudication on April 30, 2010. Hertz contended that the complaint was barred by the statute of limitations as to the Estate. The motion requested dismissal of the complaint "against The Hertz Corporation in its capacity as the alleged insurer of the Estate of Luciano Magini." The motion did not request dismissal of the complaint against the Estate, and the memorandum of points and authorities noted that plaintiff had not served the complaint on the Estate. Specifically, Hertz stated that plaintiff "did not name the personal representative, successor in interest, or the Estate of Luciano Magini in this complaint and have never served the complaint on any of these entities."

**Motion to Dismiss**

On September 27, 2010, Hertz moved to dismiss the complaint against Estate of Luciano Magini for failing to serve the complaint within three years of filing. (See Code Civ. Proc., § 583.250, subd. (a).)[2] Hertz produced a declaration from its counsel stating that plaintiff "did not serve the original complaint, the First Amended Complaint, or the Second Amended Complaint on either the personal representative, the successor in interest, or the Estate of Luciano Magini." Plaintiff opposed the motion, arguing that *Hertz* was served "pursuant to Probate Code § 552(a)."

The court denied Hertz's motion, holding: "Defendant misconstrues the requirements for an action under Probate Code section 550. As is clearly provided in the statute, the purpose of the Probate Code provisions is to permit an action to proceed against a decedent's insurer without the need to join as a party the decedent's personal

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

4.

representative or successor in interest." Hertz filed a petition for a writ of mandate in this court, which we summarily denied.

**Motion in Limine**

On May 9, 2011, Hertz filed a motion in limine requesting either dismissal of the "Estate of Magini" or an order striking the "Estate of Magini" from the pleadings.

In conjunction with the motion, appellant produced the summons plaintiff had served on Hertz in November 2009. The summons was on Judicial Council form SUM-100. The defendants named on the summons were Luciano Magini, Jennifer Hernandez, The Hertz Corporation and DOES 1-25. "The Hertz Corporation" is underlined.

In the "Notice to Person Served" portion at the bottom of the summons, only two boxes were marked: (1) the box preceding the text: "on behalf of … THE HERTZ CORPORATION"[3] and (2) the box preceding the text: "CCP 416.10 (corporation)." Those two boxes were each marked with a handwritten "X."

At the hearing on the motions in limine, the court noted the case was "not a direct action against Hertz as the insurer. This isn't an [Insurance Code section] 11580 action." The court denied Hertz's motion and said that its prior ruling on the motion to dismiss was intended to indicate that the Estate of Luciano Magini was "properly a party *by virtue of service on Hertz.*" (Italics added.)

**Motion to Quash**

On June 16, 2011, the Estate of Magini specially appeared and filed a motion to quash service of the summons. (See § 418.10.) The Estate argued that "[a]lthough the plaintiff properly served Hertz in its capacity as a corporate defendant … the service on Hertz cannot constitute service on the Estate of Magini, as well." The motion identified two allegedly fatal defects in the summons: (1) it failed to provide notice that the person

---

[3] "THE HERTZ CORPORATION" was handwritten.

served was being sued as a Doe defendant and (2) it failed to state that Hertz was being served "on behalf of the Estate of Magini."

The court denied the motion. The court ruled that Probate Code section 550 et seq. "requires only that the insurer, Hertz, be served." The court concluded that the summons and complaint "were sufficient to advise Hertz of the nature of the action."

**Judgment**

The parties stipulated to a bench trial with evidence to be presented in the briefs and other documentary submissions. Based on that evidence, the court found that Magini negligently caused the death of Loyed Turner and entered a default judgment against "Estate of Magini" for $325,000.[4] The court also entered judgment against Hertz in the amount of $15,000 for its "statutory portion"[5] of the damages.

Both Hertz and the Estate appealed from the judgment.

## DISCUSSION

Appellants make two contentions on appeal: (1) the default judgment against the Estate is void because the court did not acquire jurisdiction over that party, and (2) the trial court erred in denying Hertz's motion to dismiss the complaint as to the Estate. Both contentions center on whether plaintiff effectively served the Estate.[6] Plaintiff submits that service of process on Hertz alone was sufficient. Hertz argues that defects in the summons resulted in ineffective service on the estate. We conclude plaintiff did not effect service on the Estate, and will reverse the judgment as to the Estate.

---

[4] This figure reflects a settlement set-off in the amount of $30,000.

[5] Presumably a reference to Vehicle Code section 17151, subdivision (a).

[6] Ineffective service of a summons does not confer jurisdiction over a party and will not support a default judgment. (*MJS*, *supra* 153 Cal.App.3d at p. 557.) And " '[only] effective service of summons and complaint satisfies … [now § 583.210 et seq.].' [Citation.]" (*Mannesmann*, *supra*, 172 Cal.App.3d at p. 1125.) Consequently, the question of whether plaintiff effectively served the estate is at the heart of each of appellants' claims.

## I.      Service

"A summons is the process by which a court acquires personal jurisdiction over a defendant in a civil action.  The form of a summons is prescribed by law, and this form must be substantially observed.  [Citation.]"  (*MJS*, *supra*, 153 Cal.App.3d at p. 557.) "Service of a substantially defective summons does not confer jurisdiction over a party [citation] and will not support a default judgment.  [Citation.]"  (*Ibid*.)  " '[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction.  [Citation.]  Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.'  [Citation.]" (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 858.)  When a summons is not in substantial compliance with the service statutes, actual notice of the lawsuit will not confer jurisdiction over a party.  (*Mannesmann*, *supra*, 172 Cal.App.3d at p. 1124.)

Thus, the question we face is whether the summons "substantially observed" the "form … prescribed by law" or whether it was "substantially defective."  (*MJS*, *supra*, 153 Cal.App.3d at p. 557.)  We faced a similar question in *MJS*.

*MJS Enterprises v. Superior Court*

In *MJS*, the plaintiff sued Michael Saporetti and MJS Enterprises, Inc.  (*MJS*, *supra*, 153 Cal.App.3d at p. 557.)  A summons was personally served on Saporetti.  In the "Notice to the Person Served" section, the summons stated that Saporetti was served as an individual defendant pursuant to section 416.90 (individual).  Nothing in the summons indicated the process was also "directed to" MJS Enterprises.  Default judgment was entered against MJS Enterprises.  MJS Enterprises moved to set aside the default judgment and to quash service of the summons on the grounds that the trial court "lacked personal jurisdiction over it because the summons served upon it did not comply with the notice requirements" of the Code of Civil Procedure.  The trial court denied both motions.  (*MJS, supra*, 153 Cal.App.3d at p. 557.)

7.

MJS Enterprises sought a writ of mandate in this court. We granted the writ, in part, and directed the trial court to set aside the default judgment. First, we explained that "[s]ervice of a substantially defective summons does not confer jurisdiction over a party [citation] and will not support a default judgment. [Citation.]" (*MJS*, *supra*, 153 Cal.App.3d at p. 557.) We then held that the summons served on Saporetti did not effect valid service on MJS Enterprises. Specifically, the summons did not "in any manner indicate an attempt to assert judicial power over" MJS Enterprises. (*Id.* at p. 558.) Because "[n]othing in the summons indicate[d] that the process [was] directed to defendant MJS Enterprises" (*id.* at p. 557), it was fatally defective under the service statute (*id.* at p. 558).[7] That statute required that a summons directed to a corporation must provide notice that the recipient is being served "on behalf of" the corporation. (§ 412.30.) Because the summons did not substantially comply with that statutory requirement, the resulting default judgment was "void for lack of personal jurisdiction." (*MJS*, *supra*, 153 Cal.App.3d at p. 558.)

*Mannesmann DeMag, Ltd v. Superior Court*

Our decision in *Mannesmann*, *supra*, 172 Cal.App.3d 1118 is also instructive. In that case, the plaintiff sued Mannesmann DeMag, Ltd. ("Mannesmann") as a "Doe" defendant (Doe 13). (*Id.* p. 1121.) A summons and complaint were delivered to Mannesmann's vice president. (*Id.* at p. 1122. See also § 416.10, subd. (b).) The summons did not name Mannesmann, but did identify Does 1 through 50 as defendants. (*Mannesman* at p. 1122.) In the section of the summons entitled "Notice to the Person Served," the "appropriate boxes" were not checked. (*Ibid*.) Thus, this section of the

---

**7** The service statute at issue in *MJS*, *supra*, 153 Cal.App.3d 555 was section 412.230, which is specific to service upon corporations. (§ 412.230.) Another statute, section 412.20, also requires that a summons be "directed to the defendant." (§ 412.20.) Section 412.20 is not limited to service upon corporations.

summons – which we described as "crucial" – "failed to describe who was being served or in what capacity he was being served." (*Ibid*.)

We held that "a defendant has an absolute right to demand that process be issued against him in a manner described by law." (*Mannesmann*, *supra*, 172 Cal.App.3d at p. 1122.) As in *MJS*, we held that the summons failed to comply with the notice requirements in section 412.30. (*Mannesmann*, *supra*, at p. 1123.) Because the summons was fatally defective, it was not relevant that Mannesmann had actual notice of the lawsuit. (*Id.* at p. 1124.)

*Application of MJS and Mannesmann*

Our holdings in *MJS* and *Mannesmann* do not bode well for plaintiff here. Under *MJS*, it is clear that a summons may be effective as to one party (e.g., Hertz), but fatally defective as to another party (e.g., the Estate) when it fails to indicate that the recipient of the summons is being served on behalf of the other party. Under *Mannesmann*, it is irrelevant that Hertz was actually aware plaintiff had sued the Estate.

It is true that there are some inconsequential differences between the types of defects at issue in *MJS* and *Mannesmann* in comparison to those present here. For one, MJS Enterprises and Mannesmann were corporations while the Estate of Luciano Magini is an estate. However, given our reasoning in *MJS* and *Mannesmann*, we see no legal significance to this distinction. At their core, the defects at issue in those cases are very similar to those presented here.[8] In *MJS*, "[n]othing in the summons indicated that process is directed to defendant MJS Enterprises, Inc." (*MJS*, *supra*, 153 Cal.App.3d at p. 557.) In the present case, nothing in the summons indicated that process was "directed to" the Estate of Luciano Magini. (See § 412.20, subd. (a). See also *Gillette v. Burbank*

---

[8] If anything, the defects in the present summons are *more* substantial than in *MJS* because the summons here also did not provide notice that a fictitiously named defendant (Doe 1) was being served. (See § 474; *Carol Gilbert, Inc. v. Haller* (2009) 179 Cal.App.4th 852, 858–862.)

9.

*Community Hosp.* (1976) 56 Cal.App.3d 430, 432 [§ 412.20, subd. (a) *requires* that a summons be "directed to the defendant"].)  In *Mannesmann*, as here, the name of the defendant that plaintiff claims to have served did not appear on the face of the summons. (*Mannesman*, *supra*, 172 Cal.App.3d at p. 1124.)  And the summons did not indicate that the person to whom process was delivered was being served on behalf of the subject defendant.

In sum, the summons served on Hertz does not follow the form "prescribed by law" for serving the Estate.  (See *MJS*, *supra*, 153 Cal.App.3d at p. 557; *Mannesmann*, *supra*, 172 Cal.App.3d at p. 1123.  See also §§ 474, 412.20, subd. (a); Prob. Code, § 1000.)

Plaintiff seeks to distinguish these precedents in two ways.  First, she argues that *MJS* and *Mannesmann* involved a plaintiff attempting to serve a corporation but failing to indicate as much on the summons.  Conversely, plaintiff attempted to serve a corporation and the summons *did* indicate that service was on Hertz.  We find this attempt to distinguish the cases unavailing.  It is true that the summons here did indicate that service was being made on Hertz.  And, for that reason, service on Hertz was valid.  But that point is undisputed.  The question is whether the admittedly valid service on Hertz constituted valid service on the Estate.  As *MJS* illustrates, valid service on one party (e.g., Hertz) does not constitute service on another party (e.g., the Estate) when the summons does not indicate the recipient of the summons (e.g., Hertz) is being served on behalf of the other party (e.g., the Estate).  (See also § 412.20, subd. (a).)  In the words of *MJS*, "[n]othing in the summons indicated that process is directed to" the Estate.  (*MJS*, *supra*, 153 Cal.App.3d at p. 557.)

*Probate Code Section 550 et seq.*

Next, plaintiff attempts to distinguish *MJS* and *Mannesmann* because they did not involve Probate Code section 550 et seq.  Plaintiff asserts this distinction is important because she was in strict compliance with the Probate Code's service requirements.  In

that vein, plaintiff essentially argues that Probate Code section 552, subdivision (a) contains only two requirements to serve an estate. First, the "action" must name the estate as a defendant. (Prob. Code, § 552, subd. (a).) Second, a summons must be served on the insurer or its designee. (*Ibid*.) Plaintiff submits she satisfied both requirements and that Hertz "cannot point to anything in the statute" that requires anything more.

We take issue with plaintiff's contention that she met Probate Code section 552, subdivision (a)'s requirement that the "summons" be served on the insurer. The provision's requirement that the summons be served on an insurer is not necessarily met by giving the insurer any document labeled "Summons." That is because a valid summons has statutorily-mandated contents. (See § 412.20, subd. (a); Prob. Code, § 1000.) Among the statutorily required contents is the mandate that a summons be "directed to the defendant" being served. (§ 412.20, subd. (a); Prob. Code, § 1000. See also *Gillette v. Burbank Community Hosp.*, *supra*, 56 Cal.App.3d at p. 432 [§ 412.20, subd. (a) *requires* that a summons be "directed to the defendant"].) The summons here was not directed to the Estate, it was directed to Hertz.

Plaintiff admits that the summons was directed to Hertz. But she submits that nothing more was required. In other words, plaintiff argues that Probate Code section 552 requires only that the summons name the insurer, not the estate. Hertz, on the other hand, contends that Probate Code section 552, subdivision (a) does not permit service of the insurer to constitute service of the estate. Rather, it merely requires an insurer to *accept* service *on behalf of the estate*.

We conclude that plaintiff's argument fails "because it ignores the distinction between a 'party' and a 'person to be served' on behalf of that party." (*Dill v. Berquist Constrution Co.* (1994) 24 Cal.App.4th 1426, 1435.) We will now explain that distinction in greater detail.

11.

*Party vs. person to be served*

Generally, a plaintiff may serve an individual defendant by delivering process directly to the individual. (§ 415.10.) In such a case, the individual defendant is both the "party" over whom jurisdiction is sought and the "person to be served" to establish that jurisdiction. However, in some circumstances, a plaintiff may serve an individual defendant by delivering process to a different individual, who may not even be a party. For example, a plaintiff may serve a minor by delivering the summons and complaint to his or her parent. (§ 416.60.) In such a case, the minor is the "party" and the parent is the "person to be served." Though the parent is "served" in the sense that process is delivered to (i.e., "served on") them, they are not the individual over whom jurisdiction is acquired.[9] Analogously, a plaintiff may serve a corporate defendant by delivering the summons and complaint to the defendant's designated agent. (§ 416.10, subd. (a).) In this example, the corporation is the "party" and the agent is the "person to be served." Thus, jurisdiction is acquired over a *party* through delivery of process to the *person to be served* on behalf of that party. It is the "party" that is being "served" in the jurisdictional sense through delivery of process to the "person to be served." This distinction is important, because in order for delivery of process to the "person to be served" to effect service on the corresponding defendant, the summons must be "directed to" that defendant. (§ 412.20, subd. (a). See *MJS*, *supra*, 153 Cal.App.3d at pp. 557–558.)

Hertz essentially argues that under Probate Code section 550 et seq., the estate is the "party" and insurer is the "person to be served" on behalf of that party. We agree. For all its ambiguities, Probate Code section 550 et seq. clearly establishes two points of law important here: (1) the estate is a party to the action (Prob. Code, §§ 550, 552,

---

[9] Unless the parent is also a party and the summons is also directed to them individually.

subd. (a)) and (2) the estate must be served.  (Prob. Code, § 552, subd. (a).)[10]  Thus, Probate Code section 552, subdivision (a) does not eliminate the requirement to serve the estate as a party to the action.  Rather, the statute identifies the "party to be served" on behalf of the estate.  Therefore, in order for the *delivery* of process to the *insurer* (i.e., the "person to be served") to effect *service* on the *estate*, the summons must be "directed to" the estate.  (See § 412.20, subd. (a); Prob. Code, § 1000.  Cf. *MJS*, *supra*, 153 Cal.App.3d at pp. 557–558.)  Serving the insurer solely in its own name does not effect service on the estate.  Here, plaintiff only served the insurer in its own name and therefore did not serve the Estate.

*Legislative History*

Plaintiff submits that her reading of Probate Code section 550 et seq. as providing that "the summons need only name the insurer" is reasonable.  Therefore, she contends, we must consult the legislative history.  However, for the reasons explained above, we do not find plaintiff's interpretation reasonable.

Moreover, the legislative history that plaintiff submits arguably concerns whether Probate Code section 550 et seq. creates a "direct action" against the insurer.  Both parties spend portions of their briefs debating this point.  But the dispositive issue is not whether the statutes create a "direct action" against the insurer.[11]  Rather, we face the

---

[10] In denying Hertz's motion to dismiss, the trial court ruled:  "Defendant misconstrues the requirements for an action under Probate Code section 550.  As is clearly provided in the statute, the purpose of the Probate Code provisions is to permit an action to proceed against a decedent's insurer without the need to join as a party the decedent's personal representative or successor in interest." This analysis is correct, but beside the point.  While the personal representative or successor in interest need not be named in or served with the suit, the same cannot be said of the Estate.  (Prob. Code, § 552, subd. (a).)  Here, the question is whether the Estate was served.  The fact that the decedent's personal representative or successor in interest need not be served is irrelevant to that determination.

[11] Though this issue is not dispositive, we do not see how Probate Code sections 550 et seq. actions could reasonably be described as being "direct" against the insurer.

13.

narrower question of whether valid service can be effected against the estate (Prob. Code, § 552, subd. (a)) through delivery of a summons that is not "directed to" (§ 412.20, subd. (a)) the estate. With respect to this dispositive issue, we see no ambiguity in the statutes. And since legislative history "cannot change the plain meaning of clear language … we need not consider various extrinsic aids, such as … legislative history .…" (*Whaley v. Sony Computer Entertainment America, Inc.* (2004) 121 Cal.App.4th 479, 486.)

## II.     Waiver

Plaintiff next contends Hertz made a general appearance "on … behalf" of the Estate. Specifically, plaintiff argues that *Hertz*'s filing of a motion for summary adjudication constituted a general appearance *by the Estate*. Therefore, plaintiff submits, the Estate has waived any purported defects in the summons. We disagree.

"A general appearance by a party is equivalent to personal service of summons on such party." (§ 410.50, subd. (a).) "The filing of a motion which is predicated upon the court having personal jurisdiction constitutes a general appearance. [Citation.]" (*Wilson v. Barry* (1951) 102 Cal.App.2d 778, 781.) Thus, filing a motion for summary judgment constitutes a general appearance (*Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 341 (*Roy*)) and forfeits any objections based on defects in the summons.

These points of law are well-settled and undisputed in this appeal. But plaintiff's argument goes well beyond these principles by urging that we conclude *Hertz*'s filing of the motion constituted a general appearance by the *Estate*. Plaintiff offers no support for her novel contention that a motion brought by one party can effect a general appearance

---

Virtually every provision indicates that these actions are, at most, *in*directly against the insurer. The statutory scheme (1) describes the action as being "commenced or continued against *the decedent's estate*" (Prob. Code, § 550, subd. (a), italics added); (2) requires the estate to be named as a party (Prob. Code, § 552, subd. (a); (3) does not require the insurer to be named as a party (Prob. Code, §§ 550 et seq.); and (4) provides that the proceedings "shall be in the name of the estate." (Prob. Code, § 552, subd. (a).)

on behalf of another party.  To the contrary, she cites *Roy*, *supra*, 127 Cal.App.4th 337 for the proposition that "the filing of a motion for summary judgment constitutes a general appearance *by that party* and that a general appearance serves to waive any objections to defects in service."  (Italics added.)  We agree the general appearance doctrine is limited to the party that actually files the motion for summary judgment.  (See *Roy*, *supra*, 127 Cal.App.4th at p. 341 ["*a party* who propounds discovery makes a general appearance [citation] *as does one who moves* for summary judgment…"  (Italics added.)].)  In other words, "a defendant makes a general appearance when *he or she* takes any part in the action .…"  (2 Witkin, Cal. Procedure (5th ed. 2008) Jurisd, § 192, p. 799, some italics removed and added.)

Here, the motion for summary adjudication was clearly filed by Hertz alone.  The subject motion sought summary adjudication of plaintiff's claims against Hertz as the alleged insurer of the Estate of Luciano Magini.  The motion was entitled:  "**HERTZ CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION**."  Hertz's counsel is listed on the pleading as attorneys for "THE HERTZ CORPORATION."  The notice of the motion stated that "The Hertz Corporation ("Hertz") will move this court for an order granting summary adjudication .…"  The moving papers are signed by "Attorneys for Defendant The Hertz Corporation."  The relief sought was dismissal as to "The Hertz Corporation in its capacity as the alleged insurer of the Estate of Luciano Magini."

Plaintiff correctly notes that in the motion Hertz contended it was not liable as the Estate's insurer because the Estate itself could not be held liable under the applicable statute of limitations.  As a result, plaintiff essentially argues the following:  Even though Hertz's motion sought its *own* dismissal, it did so on the basis that the Estate was not liable; therefore, Hertz's motion effected a general appearance by the Estate.  Again, plaintiff cites no authority for this proposition.  Moreover, accepting this argument would result in an unwarranted expansion of the general appearance doctrine.  Consider the

common situation where an employer is sued for the negligent acts of its employee under a *respondeat superior* theory.  Under plaintiff's view, if the *employer* filed a motion contesting its liability on the basis that the *employee* was not negligent, the motion would constitute a general appearance by the *employee*.  Such an outcome would contravene the principle that a general appearance is a type of consent by the appearing party.

Hertz's filing of a motion for summary judgment did not constitute a general appearance by the Estate.

### III.    Estoppel

Finally, plaintiff claims that because Hertz "first raised the purported defect in the summons only after the three-year time for service of the summons had expired" it is estopped from challenging the court's rulings pursuant to *Tresway Aero, Inc. v. Superior Court* (1971) 5 Cal.3d 431.

Plaintiff did not raise estoppel in the lower court and may not do so for the first time on appeal.  "It is well settled that ' "issues not raised in the trial court cannot be raised for the first time on appeal." '[Citations.]" (*Honig v. San Francisco Planning Dept.* (2005) 127 Cal.App.4th 520, 530.)  "This rule is especially applicable to the doctrine of estoppel, which includes factual elements that must be established in the trial court." (*Ibid.*)  The rule specifically applies to estoppel claims like plaintiff's, which are based on *Tresway Aero, Inc. v. Superior Court*, *supra*, 5 Cal.3d 431.  (See *Adelson v. Hertz Rent-A-Car* (1982) 133 Cal.App.3d 221, 228–229.)

## DISPOSITION

The judgment is reversed as to the Estate of Luciano Magini only.  The case is remanded to the trial court with directions to dismiss the Estate of Luciano Magini with prejudice.  Costs are awarded to appellants.

16.

                               _____

                               Poochigian, Acting P.J.

WE CONCUR:


_____

Peña, J.


_____

Sarkisian, J.*

---

     * Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.