Filed 3/22/16  Prestige Autotech Corp. v. Wuxi Chenhwat Almatech Co. CA4/2
See Concurring Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| PRESTIGE AUTOTECH CORPORATION,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>WUXI CHENHWAT ALMATECH CO.,<br><br>        Defendant and Respondent. | E061541<br><br>(Super.Ct.No. CIVRS1302108)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Gilbert G. Ochoa, Judge.  Reversed.

Snell & Wilmer, Todd E. Lundell, Jeffrey M. Singletary and Brian A. Daluiso for Plaintiff and Appellant.

Law Offices of Justin J. Shrenger and Justin J. Shrenger for Defendant and Respondent.

1

Plaintiff and appellant Prestige Autotech Corporation (Prestige) appeals from the trial court's order pursuant to Code of Civil Procedure section 473[1] setting aside a default judgment entered against defendant and respondent Wuxi Chenhwat Almatech Co. (Wuxi). Prestige contends that the trial court lacked jurisdiction to set aside the default judgment, and even if it had jurisdiction to consider the matter on the merits, Wuxi's motion should have been denied. We reverse the trial court's order and remand the matter for further proceedings.

## I. FACTS AND PROCEDURAL BACKGROUND

Prestige brought suit on March 25, 2013, alleging various causes of action arising out of a soured commercial relationship with Wuxi. The complaint alleges that Prestige is a "Nevada corporation located in Chino, California," and a "leading designer, supplier and distributor of custom after-market custom [*sic*] wheels"; Wuxi is alleged to be one of Prestige's manufacturers, based in China.

Prestige attempted to accomplish service of process by personally serving a copy of the summons and complaint on a Wuxi employee who was visiting plaintiff's California corporate headquarters on June 28, 2013. A letter on Wuxi stationery and to which the company seal had been affixed (though the document was not signed by any individual) had been sent to Prestige by email and express mail, authorizing the Wuxi

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

employee to (among other things) receive legal documents and accept service of process on behalf of Wuxi.

Wuxi did not respond to the complaint, and on July 31, 2013, the clerk of the trial court entered Wuxi's default. On October 2, 2013, Prestige applied for an order entering default judgment against Wuxi in the amount of $22,525,499. On October 18, 2013, the trial court granted the motion in part, entering a default judgment in the amount of $17,300,000, plus $1,219,719 in prejudgment interest, with postjudgment interest to accrue at 10 percent per annum.

On April 17, 2014, Wuxi filed a motion seeking an order setting aside the default judgment, arguing that the attempted service of process was ineffective, because (1) Prestige did not make or attempt service pursuant to the Hague Convention on the International Service of Process, (2) the purported service on Wuxi's employee in California was "unauthorized and ineffective, and known by [plaintiff] to be a fraud," and/or (3) the entry of the default judgment was the result of excusable neglect. Wuxi's motion asserted that Wuxi's chairman of the board and "Legal Representative" from the company's inception in 2003 until August 2013, Jiadong Wu, had fraudulently orchestrated the events leading to the default and default judgment being entered against Wuxi, for the benefit of his brother, an owner and founder of Prestige. Specifically, according to Wuxi, Jiadong Wu arranged for the Wuxi employee's trip to California on the pretext of a technical meeting (the employee is described as an engineer, without any management level responsibilities). The employee was given a package of documents that he did not understand, including the summons and complaint for the present action;

3

when the employee asked Jiadong Wu for instructions, he was told to give the documents to Jiadong Wu's assistant. When the assistant and other lower level Wuxi managers asked Jiadong Wu what to do with the documents, Jiadong Wu told them to do nothing, and wait for further instructions, which were never given.

According to documents filed in support of Wuxi's motion, in August 2013, involuntary bankruptcy proceedings were initiated against Wuxi in China, resulting in Jiadong Wu's removal as the company's "Legal Representative," and the appointment of an administrator to take over the company's affairs. An audit conducted by the administrator resulted in a report, dated December 2013, finding that Prestige owed Wuxi over $15.5 million.

In addition to supporting evidence, Wuxi attached to its motion to set aside the default judgment a proposed motion to quash. The proposed motion to quash reasserts verbatim many of the same arguments regarding the adequacy of Prestige's attempt to serve Wuxi with process as the motion to set aside the default judgment.

The trial court heard argument on Wuxi's motion to set aside the default judgment on June 10, 2014. It took the matter under submission, but later on the same date issued a minute order granting the motion "under 473(b) CCP." In the same minute order, the court deemed the proposed motion to quash filed and served upon payment of motion fees, and reserved a hearing date for it.

4

## A. Standard of Review

A motion to vacate a default and default judgment under section 473 is reviewed for abuse of discretion. (*Parage v. Couedel* (1997) 60 Cal.App.4th 1037, 1041 (*Parage*).) "'[B]ecause the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default. [Citations.]'" (*Id.* at p. 1042, quoting *Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233.) When the trial court makes factual findings in connection with a motion under section 473, we affirm those findings if they are supported by substantial evidence. (See *Milton v. Perceptual Development Corp.* (1997) 53 Cal.App.4th 861, 867.) Under that standard, "[a]n appellate court's '. . . power begins and ends with a determination as to whether there is *any* substantial evidence to support [the factual findings]; [it has] no power to judge of the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom.'" (*Orange County Employees Assn. v. County of Orange* (1988) 205 Cal.App.3d 1289, 1293, second italics omitted.)

## B. Analysis

*1. The Relief Granted Exceeded that Authorized by the Statutory Provision on Which the Trial Court Relied.*

Prestige contends that Wuxi's motion was not timely filed, and was not accompanied by a copy of a proposed answer or other pleading, so the trial court erred by vacating the default judgment pursuant to section 473, subdivision (b). We agree.

5

Section 473 provides in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertance, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b).) Thus, the statutory scheme imposes on a party the obligation to file a motion for relief in a reasonable time, and in any event within six months of the judgment, dismissal, order, or proceeding at issue. (See, e.g., *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1418-1419 (*Huh*) [motion for relief must be procedurally proper, and within time limits].) Because relief from a default judgment, without relief from the default itself, would be illusory relief, allowing another default judgment to be entered, the time generally runs from the entry of the default, rather than from the time of the judgment.[2] (*Rutan v. Summit Sports, Inc.* (1985) 173 Cal.App.3d 965, 907 (*Rutan*) (overruled by statute on other grounds, see *Sugasawara v. Newland* (1994) 27 Cal.App.4th 294, 296-297.)

Here, Wuxi's motion to set aside the default judgment was filed within six months of the entry of the default judgment, but more than six months after the entry of default. Moreover, the motion was not accompanied by a proposed answer or other pleading, only

---

[2] The primary exception is when the motion is accompanied by an attorney affidavit of fault, in which case the deadline is no more than six months after entry of judgment. (§ 473, subd. (b).) This exception does not apply here.

a motion to quash. (See § 422.10 ["The pleadings allowed in civil actions are complaints, demurrers, answers, and cross-complaints."].) As such, Wuxi's motion was both untimely and failed to comply with procedural requirements, so the statutory language of section 473, subdivision (b) does not provide an appropriate basis for the trial court's order setting aside the default judgment. (*Huh*, *supra*, 158 Cal.App.4th at pp. 1418-1419.)

In its briefing on appeal, Wuxi points to language in *Goddard v. Pollock* (1974) 37 Cal.App.3d 137, 141, which it argues supports the notion that a motion to quash is a pleading. In *Goddard*, the Court of Appeal considered the question of whether the clerk had erred by entering default against a defendant while a motion to quash was pending: "A motion to quash service of summons is specifically mentioned in section 585 and clearly constitutes a 'pleading' which, if timely filed, would have precluded the clerk from thereafter entering defendants' default." (*Goddard*, *supra*, at p. 141.) Wuxi pays too little attention, however, to the scare quotes the *Goddard* court puts around the word "pleading," indicating that the word is being used in a nonstandard manner. (*Ibid.*) The *Goddard* case is best understood to recognize that, like a pleading, a timely filed motion to quash precludes the subsequent entry of default against a defendant; it does not stand for the proposition that a motion to quash *is* a pleading.

Wuxi's reliance on *Benedict v. Danner Press* (2001) 87 Cal.App.4th 923 and *MJS Enterprises, Inc. v. Superior Court* (1984) 153 Cal.App.3d 555, in support of the proposition that a motion to quash should be considered a "pleading" in the meaning of section 473, is also misplaced. In each of these cases, the defendant had filed both a

7

motion under section 473 and a motion to quash service of process. (*Benedict*, *supra*, at p. 926; *MJS Enterprises*, *supra*, at p. 557.) Neither case indicates, however, that the court viewed the motion to quash service of process to satisfy the "answer or other pleading" requirement of section 473, subdivision (b). Indeed, it is expressly permitted for a party to file a motion to quash simultaneously with an answer or other pleading without being deemed to have made a general appearance unless and until the motion to quash has been denied, and any subsequent writ proceedings have concluded. (See § 418.10, subds. (e)(1) & (2).) And the same principle applies to a motion to quash filed simultaneously with a motion under section 473, regardless of the requirement that a proposed answer or other pleading be attached to a section 473 motion. (See § 418.10, Judicial Council comment [defendant is permitted to join motion to quash with motion to set aside a default or default judgment, without either being deemed a general appearance].) Put another way: nothing prevented Wuxi from complying with the procedural requirement of section 473 that an answer or other proposed pleading be attached to the motion to set aside the default judgment, while simultaneously lodging its motion to quash.

In short, Wuxi's motion to set aside the default judgment was both untimely, because filed more than six months after the underlying default, and procedurally deficient, for lack of an attached answer or other pleading. As such, the trial court erred in relying on the statutory powers granted by section 473, subdivision (b) as a basis to set aside the default judgment.

*2. The Trial Court Made No Findings that Could Support Any Alternative Basis for Setting Aside the Default Judgment.*

Having concluded that the trial court exceeded its statutory authority under section 473, subdivision (b), we turn to the question of whether there is any other appropriate basis for us to affirm the order. (See *Town of Atherton v. California High-Speed Rail Authority* (2014) 228 Cal.App.4th 314, 354, fn. 13 ["'In reviewing a trial court's decision, we review the result, not the reasoning.'"].) On the present record, we find none.

"After six months from entry of default, a trial court may still vacate a default on equitable grounds even if statutory relief is unavailable." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.) Courts have applied a three-part test to determine whether equitable relief may be granted; first, the party seeking relief must show a meritorious defense; second, that party must identify an excuse which the court finds to be satisfactory for the failure to present the defense; and, finally, that party must have acted diligently to set aside the default once discovered. (*Id.* at p. 982.) With respect to the second prong of this test, a finding of either extrinsic fraud or mistake will justify exercise of the court's equitable power to set aside the judgment. "Extrinsic fraud occurs when a party is deprived of the opportunity to present his claim or defense to the court; where he was kept ignorant or, other than from his own negligence, fraudulently prevented from fully participating in the proceeding. . . . The essence of extrinsic fraud is one party's preventing the other from having his day in court." (*City and County of San Francisco v. Cartagena* (1995) 35 Cal.App.4th 1061, 1067.) "[E]xtrinsic mistake" is "a term broadly

9

applied when circumstances extrinsic to the litigation have unfairly cost a party a hearing on the merits." (*Rappleyea*, *supra*, 8 Cal.4th at p. 981.) "'Relief is denied, however, if a party has been given notice of an action and has not been prevented from participating therein.'" (*Parage*, *supra*, 60 Cal.App.4th at p. 1044.)

In addition to the court's inherent power to grant equitable relief, section 473 authorizes the court to, "on motion of either party after notice to the other party, set aside any void judgment or order." (§ 473, subd. (d).) "Where a party moves under section 743, subdivision (d) to set aside 'a judgment that, though valid on its face, is void for lack of proper service, the courts have adopted by analogy the statutory period for relief from a default judgment' provided by section 473.5, that is, the two-year outer limit." (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 180.)

The trial court, however, did not rule on these issues. The determination of whether either of these alternative bases for vacating the default judgment and the underlying default should be applied rests on issues of fact. We cannot infer that the trial court implicitly made the necessary findings of fact, because its order excludes that possibility: had the trial court found the service of process to be ineffective, based on Wuxi's allegations of fraud or any other basis, it would not have set a hearing for Wuxi's motion to quash, but would simply have granted the motion. "'Although an appellate court may affirm an order upon a theory of law other than that adopted by the trial court, it is not appropriate to do so by exercising a discretion and making factual decisions to

10

which the trial court has never addressed itself.'" (*Rutan*, *supra*, 173 Cal.App.3d at p. 974.) We will therefore remand the matter for further proceedings.[3]

## III. DISPOSITION

The order appealed from is reversed, and the matter remanded for further proceedings, including a determination of whether the default and default judgment entered against Wuxi should be set aside pursuant to section 473, subdivision (d), or pursuant to the court's inherent equitable power. The parties shall each bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
Acting P. J.


I concur:

CODRINGTON
J.

---

[3] We acknowledge Prestige's argument that there is no evidence in the record sufficient to support a finding of extrinsic fraud, or otherwise to find the service of process on Wuxi ineffective. We disagree. We need not discuss the matter at length, but note here that Prestige's arguments only demonstrate the existence of factual disputes between the parties, not the absence of any evidence in support of Wuxi's version of events, even if the record is viewed in the light most favorable to Wuxi. As such, the trial court must make the necessary findings of fact in the first instance.

[*Prestige Autotech Corporation v. Wuxi Chenhwat Almatech Co.*, E061541]

MILLER, J., Concurring.

I respectfully concur with my colleagues. I believe the result they reached in this case is correct. I write separately in order to address a singular point.

I believe a motion to quash could be sufficient as a pleading, in and of itself, to include with a motion to be relieved from default (Code Civ. Proc., § 473, subd. (b)) when the defendant is arguing a lack of minimum contacts with the forum (see *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445-448 [minimum contacts]; see also *Flick v. Exxon Corp.* (1976) 58 Cal.App.3d 212, 220 [same]). If a defendant is asserting a lack of minimum contacts, then it would be logical to only attach a motion to quash to the motion for relief from default. (See *Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 287 [motion to quash appropriate when there is a lack of minimum contacts]; see also *Floveyor International, Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 797 [same].)

In the instant case, Wuxi Chenhwat Almatech Co. (Wuxi) is not arguing a lack of minimum contacts. Rather, Wuxi is arguing: (1) cases should be decided on their merits; (2) Wuxi is owed money by Prestige; and (3) Wuxi's "failure to file an answer . . . did not represent a default." In other words, Wuxi appears to be seeking relief from default so that Wuxi can be served and file an answer. Given that Wuxi wants to litigate the matter in this jurisdiction, Wuxi's motion for relief from default was insufficient due to Wuxi only attaching a motion to quash. Therefore, while I believe a minimum contacts

1

argument would permit attaching only a motion to quash to a motion for relief from default, that exception does not apply in this case.

MILLER_____

J.